ELLIS, Judge.
This is a suit by Myrtle Dyson Miles, plaintiff, for damages for the alleged wrongful death of her two minor children, Kathy Marie Richard and Rayfus O’Neal Richard, who drowned in the Northdale Canal in Baton Rouge on April 27, 1966. Defendants are the Parish of East Baton Rouge, C. Robert Carter and William Louis Albritton. After trial on the merits, plaintiff’s suit was dismissed and she has appealed.
It is not claimed by plaintiff that the trial court erred in dismissing the suit as to Mr. Carter and Mr. Albritton, and the claim as to them is considered to be abandoned.
The facts of the case are not in dispute. Kathy, aged 9, and Rayfus, aged 5, had been left in the care of their older sister while plaintiff was at work. Kathy told the sister that Rayfus was at the canal, and she was sent to bring him back. The sister, who was eight months pregnant, followed. When she arrived at the canal, both Kathy and Rayfus were in the water and drowned before help could be summoned.
The canal is described as being 15 to 20 feet wide and six feet deep at the point of the drowning. Its banks are described as being steep. There were no fences or warning signs of any kind at the time of the accident, although a fence was later constructed at that point.
Plaintiff contends that the Parish was negligent in the manner in which it maintained the canal, and that she is further entitled to recovery under the attractive nuisance doctrine.
The first of the above contentions is based on the fact that the banks of the canal were so steep that it was virtually impossible to climb out of the canal. It is contended that this constitutes a hazardous condition, which the Parish negligently failed to rectify.
In the case of Slaughter v. Gravity Drainage District No. 4, 145 So.2d 50 (La.App. 3 Cir. 1962), the court was faced with an identical situation. In dismissing the case, the court said:
‘Tn determining whether a body of water is an attractive nuisance in a particular case, many factors must be considered, such as the age of the child, his ability to understand and avoid dangers, whether the proprietor has reason to anticipate the presence of children, whether there was a strong likelihood of the accident and whether the danger was one other than those ordinarily encountered. Other factors to be considered include whether the facility did or did not serve a necessary or useful purpose, what means could have been employed to avoid the danger, and whether the precautions taken were reasonable.
* * * * * *
“There, of course, are inherent dangers of drowning in every body of water, *683 including a canal. A drainage' district which constructs and maintains a canal as a part of its public functions, however, does not become the insurer of the lives and safety of all children who come near the waterway. Where the canal is open and in full view of those who come near it, the facility itself serves as a warning of the dangers which are apparent especially to those who are of the age of discretion. Where the danger is not hidden or concealed and there are no unusual circumstances which render the facility peculiarly attractive to young children, we think there is no duty on the part of the drainage district to provide safeguards against persons falling into the excavation, such as fences or warning signs. Where those conditions exist the drainage district has the right to presume that for every child under the age of discretion, there is some one of mature judgment on whom rests the special duty and responsibility for the safety of the child. Also, we feel that the construction of the canal with extremely steep inclines along its banks or sides alone does not constitute actionable negligence on the part of the drainage district.”
We find the foregoing to be determinative of the issues here presented.
 The utility of the Northdale Canal is fully established by the record. Neither is there shown to be anything out of the ordinary about this canal which would tend to render it unusually attractive to children of tender years. We find the doctrine of attractive nuisance to be inapplicable to the instant case. We further find that the fact of the steepness of the banks is not sufficient to constitute negligence on the part of the Parish.
The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.