286 So.2d 783 (1973)
Donald W. ATWELL et ux.
v.
CITY OF BATON ROUGE et al.
No. 9515.
Court of Appeal of Louisiana, First Circuit.
November 12, 1973.
Rehearing Denied December 21, 1973.
Writ Refused February 1, 1974.
David L. Dawson, Jr., and Louis D. Curet, Baton Rouge, for appellants.
John R. Sheppard, Asst. Parish Atty., Alton T. Moran, Asst. Dist. Atty., Baton Rouge, for appellees.
Before LOTTINGER, BLANCHE and CRAIN, JJ.
CRAIN, Judge.
This is a suit brought by Donald W. Atwell and Stella Atwell against the City of Baton Rouge, and Recreation and Park Commission for the Parish of East Baton Rouge, and the Parish of East Baton Rouge for damages for the wrongful death of their daughter, Amanda Leigh Atwell, who drowned in Monte Sano Bayou on March 8, 1966. The City of Baton Rouge, The Baton Rouge Recreation and Park Commission, and East Baton Rouge Parish all filed peremptory exceptions which were referred to the merits. The trial court decided the case on the merits in favor of the defendants dismissing plaintiff-appellants' demands at their cost. The trial court's finding of facts as set out in its reasons for judgment are as follows:
"Donald W. Atwell and his wife, Stella, seek to recover for the wrongful death *784 of their daughter, Amanda Leigh Atwell, who died on March 8, 1966, when she drowned in the Monte Sano Bayou, a natural drainage canal located in East Baton Rouge Parish. At the time of her death, Amanda was two years and seven months of age.
The facts indicate that Amanda was an intelligent, alert and lively little girl and on the day in question had just wakened from her nap. She was playing just outside the house while her mother fed her younger brother inside the house. Mrs. Atwell testified that she kept Amanda within earshot at all times but after she had returned from the cupboard with some dessert for the baby, she did not hear Amanda so she immediately began searching. The search took her away from the bayou because the back yard was fenced. Nearly an hour passed before Amanda was found in the bayou.
The Atwells live directly across from property owned by the Baton Rouge Recreation and Parks Commission (BREC). These facilities are known as the Monte Sano Park. On the day in question the only recreational facilities on said property were a softball field somewhat to the northwest of plaintiffs' back yard and a recreation center which was some distance directly to the east and across two streets. The child's body was found floating in the Monte Sano Bayou near the bridge over same at Breckenridge Avenue some 150 yards from plaintiffs' residence, which incidentally is about the closest point from plaintiffs' property to the bayou. Certain other recreational facilities such as swings were located further to the east from the recreational center ..."
Exactly the manner in which Amanda entered into the drainage canal was not determined. The record reveals that Amanda's body was found in the drainage canal near the bridge which crossed it.
The testimony indicates that the canal was being used as a drainage facility so its depth varied depending on rain. Apparently, the park in the vicinity of the canal was maintained by the Baton Rouge Recreation and Parks Commission while the bayou itself, the bridge in question, and Breckenridge Street were maintained by the parish of East Baton Rouge.
The primary contention of plaintiff-appellants is that the defendants located a park which would naturally attract children near the drainage canal and then failed to use reasonable care to safeguard children from the dangers inherent in the canal.
Plaintiff-appellants do not contend, nor could they that this canal itself constituted an attractive nuisance. We held in Slaughter v. Gravity Drainage District No. 4, 145 So.2d 50 (La.App.3rd Cir. 1962) as follows:
"In determining whether a body of water is an attractive nuisance in a particular case, many factors must be considered, such as the age of the child, his ability to understand and avoid dangers, whether the proprietor has reason to anticipate the presence of children, whether there was a strong likelihood of the accident and whether the danger was one other than those ordinarily encountered. Other factors to be considered include whether the facility did or did not serve a necessary or useful purpose, what means could have been employed to avoid the danger, and whether the precautions taken were reasonable.
There, of course, are inherent dangers of drowning in every body of water, including a canal. A drainage district which constructs and maintains a canal as a part of its public function, however, does not become the insurer of the lives and safety of all children who come near the waterway. Where the canal is open and in full view of those who come near it, the facility itself serves as a warning of the dangers which are apparent especially to those who are of the age of discretion. Where the danger is not hidden *785 or concealed and there are no unusual circumstances which render the facility peculiarly attractive to young children, we think there is no duty on the part of the drainage district to provide safeguards against persons falling into the excavation, such as fences or warning signs. Where those conditions exist the drainage district has the right to presume that for every child under the age of discretion, there is some one of mature judgment on whom rests the special duty and responsibility for the safety of the child. Also, we feel that the construction of the canal with extremely steep inclines along its banks or sides alone does not constitute actionable negligence on the part of the drainage district." See also, Miles v. City-Parish Government, 253 So.2d 681, (La.App. 1st Cir. 1971).
The particulars concerning the function of Monte Sano Bayou at the time of the accident indicate that it was being used as a drainage facility. The trial court was correct in its finding that the utility of the canal outweighed its hazards. Also, the evidence produced reveals that the dangers inherent in the canal were certainly obvious and by no means constitute a trap for the unwary.
With reference to the recreational facility being located in such proximity to the canal as to require special precautions in connection thereto, we rejected a similar contention in Whitfield v. East Baton Rouge Parish School Board, 43 So.2d 47 (La.App.1st Cir. 1949). Additionally, the evidence fails to show that the park created an attraction to children at the particular area where the accident occurred. Consequently, even if we concluded that the drainage canal in question constituted a hazard at the park, the defendants did not have the duty to provide additional safeguards at the place where the accident actually happened.
Because of our decision on the merits, it is not necessary that we consider the peremptory exceptions referred to above. For the reasons assigned, the trial court's judgment is affirmed, and plaintiff-appellants' demands are dismissed at appellants' cost.
Affirmed.