DOMENGEAUX, Judge.
This is an action for wrongful death brought by Norman W. Bourque and his wife, the parents of the minor decedent. Defendants are Dudley John Leblanc, d/b/a River Oaks Trailer Park, Motor Vehicle Casualty Company, his liability insurer, and Thomas Sparks. Defendants Leblanc and Motor Vehicle Casualty Company instituted a third party action against Sparks and Coulee Kinney Drainage District. Leblanc and Motor Vehicle Casualty Company, as defendants, and Coulee Kinney Drainage District, as third party defendant, each filed Exceptions of No Cause of Action. The trial judge overruled the exception raised by Leblanc and Motor Vehicle Casualty Company but sustained the exception of Coulee Kinney Drainage District. From the judgment dismissing their third party action against Coulee Kinney Drainage District, Dudley John Leblanc and Motor Vehicle Casualty Company have appealed. We affirm.
The pleadings reveal the following facts:
Defendant Leblanc was the owner and operator of a mobile home-trailer park known as River Oaks Trailer Park which abutted the Coulee Kinney Drainage Canal in Vermilion Parish. Both plaintiffs and co-defendant Sparks were residents of said trailer park. On May 31, 1973, plaintiffs’ six year old daughter, Norma Elizabeth, drowned in Coulee Kinney.
Coulee Kinney is a natural drainage canal, under the supervision and control of the Coulee Kinney Drainage District of Vermilion Parish. There are allegations to the effect that defendant Leblanc had placed a trash pile near the Coulee and had constructed a step or steps going down into *415 the canal. There are further allegations that defendant Sparks, or his minor son, owned and operated a boat which was used in the Coulee and tied up at the site of the trailer park.
In their petition, plaintiffs allege that defendant Leblanc’s negligence is based upon the following:
1. Coulee Kinney constituted an attractive nuisance and was left thoroughly and completely unguarded and open and attractive to young children.
2. Failure to adequately safeguard and protect minors living in his trailer park against the danger of Coulee Kinney.
3. Failure to provide safe premises for renters and their minor children.
4. Failure to post adequate signs warning of the danger of Coulee Kinney in the trailer park.
5. Failure to take any steps to protect his renters against Coulee Kinney, although mishaps had occurred prior to May 31,1973.
6. Failure to do what he should have done.
7. Allowing steps to be placed by his minor son along Coulee Kinney, and allowing an unguarded boat to remain on the waters of Coulee Kinney near his trailer park.
8. There is a further allegation that a trash pile was kept near the Coulee by defendant Leblanc and that said trash pile constituted an attraction to small children.[1]
The petition of third party plaintiffs, Dudley John Leblanc and Motor Vehicle Casualty Company, against Coulee Kinney Drainage District (and James Thomas Sparks), alleges the following:
1.Coulee Kinney constitutes an attractive nuisance.
2.The unguarded boat was an attractive nuisance.
Said third party petition further alleges that Coulee Kinney Drainage District’s negligence is based upon:
1. Failure to provide barricades or other safeguards to prevent children from playing in or near the Coulee.
2. Failure to clean, dredge, and maintain the Coulee in such a manner as to prevent children from gaining access.
3. Failure to maintain a proper method of extrication for children from the Coulee.
4. Failure to warn the general public of the dangers of the Coulee.
5. Failure to do the things that it should have done or see the things it should have seen to avoid an accident.
Defendants-appellants contend that the trial court erred in sustaining the Exception of No Cause of Action in favor of Coulee Kinney Drainage District, but overruling a like exception filed by them. The basic position of Leblanc and his insurer is that the allegations in plaintiffs’ original petition are essentially the same as those in appellants’ third party petition, and that both parties should have been treated equally concerning these exceptions. Appellants argue that either both exceptions should have been sustained, or they should have been overruled together.
The allegations of both petitions are based upon the same theories: “attractive nuisance” and negligence. The trial judge found that as a matter of law the Coulee itself could not be considered an attractive nuisance and that the allegations of negligence contained in the third party plaintiff’s petition were almost identical to those in the case of Slaughter v. Gravity Drainage District No. 4, 145 So.2d 50 *416 (La.App.3rd Cir. 1962), cert, denied December 10, 1962.
The factual situation presented in Slaughter is remarkably similar to that of the instant case. Plaintiff’s petition in Slaughter based its cause of action upon theories of attractive nuisance and negligence. The type of canal involved in that case was, like Coulee Kinney, a natural drainage canal maintained by the municipal government. The court in Slaughter stated:
“There, of course, are inherent dangers of drowning in every body of water, including a canal. A drainage district which constructs and maintains a canal as a part of its public function, however, does not become the insurer of the lives and safety of all children who come near the waterway. Where the canal is open and in full view of those who come near it, the facility itself serves as a warning of the dangers which are apparent especially to those who are of the age of discretion. Where the danger is not hidden or concealed and there are no unusual circumstances which render the facility peculiarly attractive to young children, we think there is no duty on the part of the drainage district to provide safeguards against persons falling into the excavation, such as fences or •warning signs. Where those conditions exist the drainage district has the right to presume that for every child under the age of discretion, there is some one of mature judgment on whom rests the special duty and responsibility for the safety of the child. Also, we feel that the construction of the canal with extremely steep inclines along its banks or sides alone does not constitute actionable negligence on the part of the drainage district.” (Emphasis added)
The third party petition of Leblanc and his insurer fails to allege any unusual circumstances relative to Coulee Kinney and its maintenance which would take it outside the scope of the Slaughter case and place it into the attractive nuisance category. Likewise based upon the rules set forth in the above case, the drainage district does not owe a duty to the general public to place warning signs and/or fences along the banks of its drainage canals. See also the cases of Atwell v. City of Baton Rouge, 286 So.2d 783 (La.App. 1st Cir. 1973), writ refused 288 So.2d 648; and Miles v. City-Parish Government, 2S3 So.2d 681 (La.App.lst Cir. 1971), writ refused 260 La. 108, 255 So.2d 93. In view of the current state of the jurisprudence concerning the issues presented by this case, we find that the third party petition fails to state a cause of action against the Coulee Kinney Drainage District.
However, the original petition of the plaintiff in this action states that the defendant Leblanc’s maintenance of a trash pile near the Coulee, construction of steps leading down into the canal, and allowing a tenant to place a boat in the waterway contributed, with the Coulee, to constitute an attractive nuisance and negligence on the part of the defendant. While Slaughter is authority for the proposition that the Coulee in this case is not an attractive nuisance per se, it is conceivable that the addition of the above mentioned factors by the defendant Leblanc, could have converted it into one. The actual determination of whether the trash pile, steps, and boat combined with the Coulee to create an attractive nuisance and negligence on defendant’s behalf is for the determination of the trial court. Suffice it to say that viewing plaintiff’s petition in the most favorable light, we find that it states a cause of action against Leblanc and Motor Vehicle Casualty Company, based upon the theories of negligence and attractive nuisance.
For the above and foregoing reasons the judgment of the District Court is affirmed. Costs of this appeal are assessed against appellants.

AFFIRMED.

. Since defendant Sparks is not a party to this appeal it is unnecessary to discuss the allegations made against him.