SCHOTT, Judge.
This is a wrongful death action by the parents of James Ray Hall who drowned in Bayou St. John in New Orleans. Made defendants were the Board of Levee Commissioners of the Orleans Levee District (hereinafter The Board), its president Guy Lemieux and its liability insurer Hartford Accident and Indemnity Company, along with other defendants who are not parties to this appeal. Plaintiffs have appealed from a dismissal of their suit against The Board Lemieux and Hartford on an exception of no cause of action. The issue is whether plaintiffs have stated a cause of action in the following allegations of their petition:
*131 “13.
Decedent, James Ray Hall, was the 18 year old son of petitioners Earl M. Hall and Loner Lee Frank, his wife.
14.
On or about September 4, 1974, decedent, James Ray Hall, accompanied certain friends to the Orleans Levee Board decorative waterfall, located at Robert E. Lee Boulevard and Bayou St. John in New Orleans.
15.
The area adjacent to this waterfall, bounded on one end by Robert E. Lee Boulevard and the other by Lake Pontchartrain, and running parallel to and adjacent to Beauregard Avenue, was, at all pertinent times and is presently, on information and belief, under the control of the City of New Orleans, the Orleans Levee Board (Board of Commissioners of Orleans Levee) and the New Orleans City Park Improvement Association.
16.
Such area is a popular picnic and relaxation spot, inviting the general public to make use of its grounds, with the frequent incident of picnickers making use of the Bayou itself, for a cool, relaxing swim.
17.
There are no signs posted in said area prohibiting such swimming nor any signs warning of the dangers thereof.
18.
Petitioners allege that defendants knew or should have known that persons frequently swam in that area and that over the years a number of drownings had occurred, and yet in spite of this fact, that no signs were placed there to warn of these hazards.
19..
On September 4, 1974, after viewing the decorative waterfall, James Ray Hall, decedent, upon not seeing any warning signs and perceiving no dangers, jumped into the apparently calm waterway for a brief swim.
20.
Said swim came to a tragic end when James Ray Hall, on information and belief, was pulled under by a current, and drowned, in spite of efforts by his brother to save him.”
When the allegations are distilled to the essentials it seems that plaintiffs postulate their cause of action on these elements:
(1) The Board had the area adjacent to the bayou under its control.
(2) The area was developed as a recrea- ■ tion facility.
(3) Persons who frequented the area frequently swam in the bayou.
(4) A number of drownings have occurred in the past.
(5) Decedent drowned because of the current in the bayou.
(6) The Board failed to post warning signs against swimming even though it had knowledge of the use of the bayou for swimming and the happening of drownings in the past.
Plaintiffs do not cite any authority for .their position. Their reliance on Dinet v. Orleans Dredging Co., 149 So. 126 (La.App.Orl.1933) is misplaced. In that case liability was predicated on the dredging of a deep hole in Lake Pontchartrain in close proximity to a public bathing beach- and facility by a private contractor under circumstances where the whole was not only dangerous but was hidden by the water and constituted a dangerous trap to the decedent. The instant case is more easily identifiable with Bourque v. LeBlanc, 328 So.2d 413 (La.App. 3rd Cir. 1976), Atwell v. City of Baton Rouge, 286 So.2d 783 (La.App. 1st Cir. 1973), writs refused, 288 So.2d 648, Slaughter v. Gravity Drainage District No. 4, 145 So.2d 50 (La.App. 3rd Cir. 1962), cert. de *132 nied. In these cases the courts held that there are inherent dangers of drowning in every body of water and the facility itself served as a warning of the dangers, especially to those who are of the age of discretion; in the absence of some hidden or concealed danger there is no duty on the part of the drainage district to provide safeguards against persons falling into the canal, such as fences or warning signs.
Each of these cases involved the drowning of a child and liability was predicated on the attractive nuisance theory. That issue is not even present in the instant case since the decedent was an 18 year old. We therefore apply the rationale of the cited cases so as to conclude that the public body which maintains a park or recreational area adjacent to a natural body of water is under no duty to warn those of the full age of majority against the danger of swimming since drowning because of currents is a natural and inevitable risk to swimmers in such waters.
If plaintiffs’ theory were extended to its logical conclusion every levee district would be required to warn swimmers against danger of drowning in the Mississippi River, Lake Pontchartrain, and every other natural body of water throughout the state.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.