13DALEY, Judge.
Plaintiff-appellant, Mercedes Felton Jones, appeals the grant of summary judgment in favor of defendant, the State, Department of Transportation and Development (DOTD), dismissing her claims against DOTD for an *1095 accident allegedly caused by a missing stop sign. For the following reasons, we affirm.
This appeal arises out of an automobile accident in Norco, St. Charles Parish, on October 17, 1992, involving three vehicles at the intersection of Sixth Street and LA 48. A vehicle driven by Cornelius Hoolahan was proceeding southbound on LA 48 when the vehicle driven by Wanda Munch, traveling eastbound on Sixth Street, struck the vehicle driven by Mercedes Felton Jones[1], which in turn struck the Hoolahan vehicle. Plaintiffs alleged that a missing stop sign on Sixth Street at the intersection with LA 48 contributed to the accident.
| Warious claims and cross-claims were filed, and all were dismissed, with the sole exception of the claims against DOTD. On September 5, 1997, plaintiffs Jones and Ross filed a Second Supplemental and Amending Petition alleging that LSA-R.S. 9:2800 is unconstitutional in that it partially resurrects sovereign immunity in contravention of La. Const. Art. 7, § 10(A)(2).
The DOTD filed a Motion for Summary Judgment as to the claims of Jones on February 18, 1997. Their memorandum in support thereof anticipated the substance of plaintiffs arguments regarding the constitutionality of LSA-R.S. 9:2800. The memorandum also addressed the factual issue of DOTD’s notice of the stop sign. DOTD attached five affidavits to their motion. Plaintiff submitted an opposition to the Motion for Summary Judgment that addressed the constitutional issues, but did not address DOTD’s notice about the sign.
This motion was heard on November 10, 1997. The parties stipulated that DOTD had the responsibility and duty to maintain the intersection and its traffic control devices. Summary judgment was granted in DOTD’s favor on November 17, 1997 dismissing all claims against DOTD. Plaintiff Jones appealed.
On appeal, the plaintiffs argue three assignments of error. First, they argue that the trial court erred when it failed to declare the notice provisions of LSA-R.S. 9:2800 a substantive and unconstitutional resurrection of sovereign immunity. Second, the trial court erred in applying the statute to a cause of action that arose prior to its enactment. Third, the trial court failed to declare LSA-R.S. 9:2800 an unconstitutional violation of the equal protection clauses of the Louisiana and United States Constitutions.
| ¡ANALYSIS
CONSTITUTIONALITY OF STATUTE
The trial court’s Reasons for Judgment held that LSA-R.S. 9:2800 was not unconstitutional as urged by Jones. The court held that the statute did not reenact sovereign immunity, but merely enacted a procedural prerequisite, the actual or constructive knowledge of the state, that must be proven before strict liability can attach to a public body under LSA-C.C. art. 2317. The court further found that the statute did not restrict the liability of a public body under C.C. art. 2317.
LSA-R.S. 9:2800 does not limit a plaintiffs right to sue the state for damages caused by a defect of an object in its care and custody. The statute contains no prohibition on a plaintiff bringing suit against the State for damages caused by an object in the state’s custody and control. Neither does the statute limit the amount of damages a plaintiff may collect against the state. We agree with the trial court that the statute does not reenact sovereign immunity.
We do not agree with plaintiffs position that R.S. 9:2800 was not in force when this accident occurred. R.S. 9:2800 was enacted in 1985. This accident occurred in 1992. The appellate court in Rhodes v. State, Through DOTD, 94-1758 (La.App. 1 Cir. 5/5/95), 656 So.2d 650, found that LSA-R.S. 9:2800 was unconstitutional; however, that decision was vacated by the Supreme Court (95-1848 (La.5/21/96), 674 So.2d 239). Though several trial court judgments had declared the statute unconstitutional, these were not final judgments. They were timely appealed and were vacated by the Supreme *1096 Court. Teel v. State, Dept. of Transp. and Development, 96-0592 (La.10/15/96), 681 So.2d 340; Guidry v. The Gray Ins. Co., 95-0975 (La.10/16/95), 661 So.2d 432. The First Circuit handed down Rhodes on May 5, 1995. The legislature reenacted LSA-R.S. 9:2800 on June 27, 1995, in 16response to a constitutional amendment approved by a majority of the Louisiana electorate. The Supreme Court reversed the First Circuit’s decision in Rhodes on May 21, 1996, and thus LSA-R.S. 9:2800 was always in effect since its original adoption. A non-final judgment declaring a statute unconstitutional, appealed timely and later vacated on appeal, does not render the statute void ab initio as if it were never enacted.
In 1995, La. Const. Art. XII, § 10(C) was amended to authorize the legislature to limit the extent of the liability of the state and its agencies, including the circumstances giving rise to liability and the amounts of damages recoverable. The court in Ayers v. Brazell, 27,756 (La.App. 2 Cir. 12/6/95), 665 So.2d 694, writ denied 670 So.2d 1236 (La.3/29/96), found the constitutional amendment curative and remedial, and thus retroactive, to a case in which a parish police jury (a political subdivision of the state) invoked statutory immunity for discretionary acts under LSA-R.S. 9:2798.1. Appellants had argued that the statute was unconstitutional under the 1974 La. Constitution. The amendment to the constitution became effective pending a second appeal of the trial court’s ruling that LSA-R.S. 9:2798.1 was not unconstitutional. The Second Circuit gave the amendment its effect though the change occurred after final judgment in the district court and while the appeal was pending, for the reasons expressed in Fullilove v. U.S. Casualty Company of New York, 129 So.2d 816 (La.App. 2 Cir.1961), rehearing denied 5/10/61, certiorari denied 6/22/61.
We note that LSA-R.S. 9:2798.1 grants immunity from liability to the state and its subdivisions for discretionary acts. LSA-R.S. 9:2800 does not grant immunity from liability to the state for things in its custody. Following the rationale of thej•Ayers court, we believe the constitutional amendment applies in a curative and remedial fashion to LSA-R.S. 9:2800 and to this suit.
Plaintiff did not argue equal protection considerations to the trial court. Thus, the trial court did not consider these grounds, and this court will not entertain them on appeal.
VALIDITY OF THE SUMMARY JUDGMENT
DOTD filed its Motion for Summary Judgment on February 14, 1997. This court has previously held that the amendments to LSA-C.C.P. art. 966 by Acts 1997, No. 483 are remedial in nature and apply retroactively. Albarado v. Abadie, 97-478 (La.App. 5 Cir. 11/12/97), 703 So.2d 736. Paragraph C(2) of LSA-C.C.P. art. 966 as amended states:
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
The record shows that DOTD attached seven affidavits to its Motion. These affidavits, attested to by several DOTD officials, St. Charles Parish officials, and a representative of the engineering firm in charge of the waterline construction, established that DOTD did not have actual notice of the stop sign’s absence at this intersection.
DOTD also submitted a page from the deposition of Robert Lodge, who reported to the police that he had seen two kids remove the stop sign approximately j 8two days before the accident in question. Although at his deposition he stated that he did not remem *1097 ber telling the police about the stop sign, Lodge stood by his previous report.
Plaintiff Felton Jones’s Opposition to Summary Judgment argued the unconstitutionality of LSA-R.S. 9:2800. Plaintiff argued that R.S. 9:2800 impacts the substantive parameters of the constitutionally conferred right to sue by imposing a higher burden of proof upon the plaintiff against the state, as opposed to a private person or entity, in a strict liability action. Plaintiff did not submit any countervailing affidavits regarding the substance of the State’s affidavits about its actual or constructive notice of the downed stop sign.
Importantly, we note that plaintiff failed to submit any countervailing affidavits or other evidence regarding DOTD’s actions in the care of this intersection. Plaintiffs Memorandum in Opposition to DOTD’s Motion for Summary Judgment argued only the constitutionality of LSA-R.S. 9:2800. Under LSA-C.C.P. arts. 966 and 967, plaintiff must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. Plaintiff failed to counter the DOTD’s affidavits, which established that they had no actual or constructive notice of the missing stop sign at this intersection.
The judgment of the trial court is affirmed.
AFFIRMED.

. This plaintiff is referred to variously in the record as Mercedes Felton and Mercedes Felton Jones.