I «WHIPPLE, J.
Plaintiffs appeal from a summary judgment rendered in favor of defendant, the Department of Transportation and Development (“the DOTD”). For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On May 5, 1996, the bodies of two young boys, Javon Clark (age 9) and Ronnie Clark (age 13), were recovered in a drainage canal referred to as “Duck Bayou,” near D & B Seafood on Louisiana Highway 70 (“La.70”) in Morgan City, Louisiana. The two boys were seen fishing on the side of the canal earlier that afternoon. Investigating officers eventually determined that the boys had attempted to fish from the middle of the canal by utilizing a small, inflatable child’s swimming pool as a make-shift raft, while wearing plastic floatation devices, all of which were found at the scene. The deaths were ruled as accidental drownings by a Coroner’s office investigator at the scene.
The drainage canal is maintained by St. Mary Parish Gravity Drainage District No. 3, while the DOTD utilizes a seventy-foot right of way on both sides of the center line of the canal. Members of the Morgan City Volunteer Fire Department recovered the bodies of the two boys. According to the Morgan City Volunteer Fire Department’s First Responder Report, the body of Ronnie Clark was found within the DOTD’s right of way area of the canal, and the body of Javon Clark was found in the center of the canal. Rescue workers were not able to determine where the two boys entered the canal.
A wrongful death and survival action was filed by family members of the boys naming the Mayor of Morgan City and St. Paul’s Insurance Company, the liability insurer of the City of Morgan City, as defendants. The petition was later amended to also name as defendants, St. Mary Parish Gravity Drainage District |aNo. 3, the State of Louisiana through the Department of Transportation and Development, and the Parish of St. Mary.
In their claims against the DOTD, plaintiffs contended: (1) that the DOTD is charged with being the possessor of the *762 land where the accident occurred; (2) that the DOTD is solidarity liable as custodian and owner of the canal, under the theory of negligence and strict liability; and (8) that the DOTD knew or should have known of the dangerous condition, which existed at the site of the canal, yet they failed to fence it in or post signs warning of hazardous conditions.
Motions for summary judgment were filed by the St. Mary Parish Council, the City of Morgan City and St. Paul Fire and Marine Insurance Company, the DOTD, and Gravity Drainage District No. 3. The trial court granted summary judgment in favor of the St. Mary Parish Council and the DOTD, and denied the motion by the Gravity Drainage District, stating as follows:
With regard to the Motion for Summary Judgment filed by the Department of Transportation and Development, the question is, as a matter of law, did the Department of Transportation and Development have any responsibility for the drainage canal, and if it did have that responsibility, was it unreasonably dangerous and did DOTD know, or should have known of the unreasonable dangerousness of the canal. DOTD’s only connection with the canal was the fact that it had a highway crossing the canal. In making that crossing, it did not do anything to create an attractive nuisance and did not have the responsibility for maintaining the canal.
Therefore, I’ll grant summary judgment in favor of the Department of Transportation and Development.
[[Image here]]
The Gravity and Drainage District is the owner of the canal, and the question is, whether it knew or should have known that the canal created an unreasonable risk of injury, and, in fact, if it did create an unreasonable risk of injury. And I feel that based on the record presently before the Court, there’s an issue of material fact that needs to be decided by a trial, so I’ll deny the Motion for Summary Judgment in favor of the Gravity and Drainage District.
|4A written judgment granting summary judgment in favor of the DOTD was signed on May 11, 2001. Plaintiffs appeal, challenging the grant of summary judgment in the DOTD’s favor.
DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale trial where there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1st Cir.6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. It should only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Zeringue v. Karl Ott Poles & Pilings, 2000-0522, p. 3 (La.App. 1st Cir.5/11/01), 808 So.2d 628, 630-631.
Summary judgments are now favored, and the documents submitted by both parties are to be equally scrutinized. The initial burden remains with the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense, then the non-moving party must produce factual support sufficient to satisfy his evidentiary burden at trial. LSA-C.C.P. art. 966(C)(2). If the non-moving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. LSA-C.C.P. arts. 966 and 967; *763 Davis v. Specialty Diving, Inc., 98-0458, 98-0459, pp. 4-5 (La.App. 1st Cir.4/1/99), 740 So.2d 666, 669, writ denied, 99-1852 (La.10/8/99), 750 So.2d 972.
Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s determination of whether a summary judgment is appropriate. Sanders, 96-1751 at p. 7, 696 So.2d at 1035. Because it is the applicable substantive law that determines materiality, whether or not a particular |Bfact in dispute is material can be seen only in light of the substantive law applicable to the case. Davis, 98-0458, 98-0459 at p. 5, 740 So.2d at 669.
A plaintiff may proceed against the DOTD under theories of negligence or strict liability. Louisiana Revised Statutes 9:2800 governs strict liability claims against the DOTD under LSA-C.C. art. 2317 and limits the strict liability of public entities by requiring proof of actual or constructive knowledge of the defect which caused the damage. While we note that the sole factor distinguishing negligence claims from strict liability claims formerly was proof of scienter, the law of strict liability also has since changed to require proof of scienter for both negligence and strict liability claims. See LSA-C.C. art. 2317.1[2]; see and compare Bessard v. DOTD, 94-0589, p. 3 (La.11/30/94), 645 So.2d 1134, 1136.
In accord with the changes in the law of strict liability, and under either theory, in order for a plaintiff to succeed in an action against the DOTD, the plaintiff must show that (1) the property causing the damage was in the custody of the DOTD; (2) the property was defective due to a condition that created an unreasonable risk of harm; (3) the DOTD had actual or constructive knowledge of the risk; and (4) the defect was a cause in fact of plaintiffs injury. Bessard v. DOTD, 94-0589 at p. 3, 645 So.2d at 1136; Goodliffe v. State Through Department of Transportation and Development, 29,948, pp. 5-6 (La.App.2d Cir.10/29/97), 702 So.2d 36, 39-40.
Thus, the initial determination is whether the DOTD had custody of the drainage canal. In support of its motion for summary judgment, the DOTD | (¡introduced the affidavit of Francis H. Wyble, the deposition testimony of Michael C. Moss, Joey Jermaine Francois, Mercedes Clark, Charlotte Ann Clark Harris, Theresa M. Francois, Rick Harris, and a memorandum in support of the DOTD’s motion for summary judgment.
In essence, the DOTD contends that the DOTD’s right of way over La. 70, does not establish any ownership of the canal by the DOTD. Citing LSA-R.S. 48:223, which provides that the DOTD may construct “canals, ditches, or drains sufficient in its judgment to properly drain any highway embraced in the system of state highways[,]” the DOTD contends it can not be deemed liable as an “owner” or custodian of the drainage canal. See LSA-R.S. 48:223 A. Citing subsection F of LSA-R.S. 48:223, the DOTD notes that:
F. (2) Maintenance of any drainage project constructed under the provisions *764 of this Subsection shall be the responsibility of the local governing authority which constructed the project and shall not be the responsibility of the department.
The DOTD also cites St. Mary Parish Ordinance No. 637, which created the Gravity Drainage District No. 3, a “public corporation and political subdivision of the State of Louisiana,” and described the boundaries thereof, to include the drainage canal at issue herein, as further proof that the drainage canal was owned and maintained by the Gravity Drainage District No. 3.[3]
As further support, the DOTD relies on the deposition testimony of Michael C. Moss, an Assistant Maintenance Engineer of the DOTD. Moss stated that although the DOTD maintains the roadway and mows the grass on the adjacent right of way area, the DOTD does not maintain the area covered with water adjacent to the roadway. Moss testified that pursuant to a standing agreement with |7the Drainage District, the portion of the right of way that is covered with water is maintained by the Drainage District.
The deposition testimony of George W. Mikhael, Public Works Director for the City of Morgan City, also confirms that the canal was maintained by Gravity Drainage District No. 3. Mikhael testified that all problems with drainage are reported to the Commissioner of the Gravity Drainage District No. 3. His job entailed inspecting the canals maintained by the Drainage District and reporting any problems to the Drainage Board. Mikhael further testified that the local police department was responsible for the placement of any signs on the property.
The DOTD also submitted the affidavit testimony of Francis H. Wyble, who was retained as an expert in traffic engineering. Wyble previously had worked as an engineer for the Louisiana Department of Transportation and Development, from 1957 to 1990. Based upon his experience, and after personally inspecting the scene of the accident on several occasions, Wyble testified that he was not aware of any incidents wherein the DOTD had erected any type of warning signs prohibiting or warning the general public from swimming or entering the Duck Bayou drainage canal within the area of the DOTD’s right of way along La. 70. Further, he was unaware of any incidents or occasions wherein the DOTD had erected warning signs along state highways prohibiting or warning the general public about swimming or entering a waterway at similar locations and/or under like circumstances. He further stated that he was not aware of any obligation or duty by the DOTD to erect any signs to warn of the dangers complained of herein.
The record reflects that prior to the hearing of the motion for summary judgment, the plaintiffs did not submit any countervailing testimonial or documentary evidence in opposition to the DOTD’s motion for summary judgment, in the form of affidavits or pleadings setting forth specific facts showing that there is a genuine issue for trial. At the hearing on the motion for summary judgment, |showever, plaintiffs attempted to introduce the deposition testimony of Chris LaRocca, George Mikael, and Michael Moss. Over the objections of counsel for the DOTD, the trial court allowed the plaintiffs to introduce the three depositions and the entire record of the proceedings, which had already been introduced into evidence by the DOTD. *765 See Hoolahan v. Munch, 98-199, 98-200 p.8 (La.App. 5th Cir.9/16/98), 719 So.2d 1094, 1097, writ denied, 98-2619 (La.12/11/98), 729 So.2d 1048.
After carefully considering the evidence presented herein, and applying the legal precepts governing our review, we find that the DOTD established its right to summary judgment in its favor as a matter of law. The evidence undisputedly shows the DOTD took no affirmative actions to “maintain” the drainage canal because the DOTD had no duty to maintain drainage canals over which state highways traverse. Stated differently, the DOTD had no duty to warn or protect against the potential dangers of a drainage canal that it did not build nor own, and that it was not responsible for maintaining, merely because the DOTD had a right of way to traverse the canal. See LSA-R. S. 48:223. Thus, because we find that the DOTD did not have custody of the drainage canal, referred to as “Duck Bayou,” the plaintiffs can not succeed in an action against DOTD.
Furthermore, even if the DOTD had owned, maintained, and had actual custody of the canal, the evidence shows that the DOTD had no actual or constructive knowledge of the risk herein and had no duty to warn against such potential dangers. Our courts have continuously held that there are inherent dangers of drowning in every body of water and the facility itself serves as a warning of the dangers, especially to those who are of the age of discretion. In the absence of a showing by plaintiffs of some hidden or concealed danger created by the DOTD there was no duty on its part to provide safeguards against persons falling into the canal, such as fences or warning signs. See Bourque v. Leblanc, 328 So.2d 413, 416 (La.App. 3rd Cir.1976), Atwell v. City of Baton Rouge, 286 So.2d 783, 785 (La.App. 1st Cir.1973), writ denied, 288 So.2d 648, (La. 1974), Slaughter v. Gravity Drainage District No. 4, 145 So.2d 50, 55 (La.App. 3rd Cir.), cert. denied (1962), Hall v. Lemieux, 378 So.2d 130, 132 (La.App. 4th Cir.1979), writ denied, 381 So.2d 1220 (La.1980).
These arguments lack merit.
CONCLUSION
For the reasons stated above, the May 11, 2001 judgment of the trial court granting the DOTD’s motion for summary judgment is affirmed. Costs of this appeal in the amount of $1,053.00 are assessed against plaintiffs, Charlotte Clark, et al.
AFFIRMED.

. The legislature amended LSA-C.C. art. 667 and enacted LSA-C.C. art. 2317.1 in 1996 La. Acts, 1st Ex.Sess. No. 1, § 1, effective April 16, 1996. The plaintiffs’ claims arose subsequent to the effective date of Act 1 of 1996. The changes made to Article 667 and the addition of Article 2317.1 limit the scope of strict liability and are substantive in nature. See Adams v. Parish of East Baton Rouge, 2000-0424, pp. 8-9 (La.App. 1st Cir. 11/14/01), 804 So.2d 679, 688, writ denied, 2002-0448 (La.4/19/02), 813 So.2d 1090; Dennis v. The Finish Line, Inc., 99-1413, 99-1414 p. 5 n. 8 (La.App. 1st Cir. 12/22/00), 781 So.2d 12, 20 n. 8, writ denied, 2001-0214 (La.3/16/01), 787 So.2d 319.

. See also LSA-R.S. 38:1764 and 38:1614 for the corporate status and powers of drainage districts.