HALL, Judge.
Plaintiff, C. E. Allen, sued defendant, Earl F. Bradshaw, in the City Court of Monroe for $999 in damages to his personal property suffered as a result of a fire he alleges was caused by the negligence of defendant. From a judgment rejecting his demands Allen appeals. We affirm.
Allen leased from Bradshaw an upstairs apartment in a four-unit building on South First Street in Monroe. On November 3, 1970, sometime in the late evening, a fire erupted in the apartment directly below Allen’s, resulting in damage to Allen’s furniture and personal belongings located in his apartment. The apartment below was vacant at the time and had been for the preceding three or four weeks.
On appeal Allen argues that he adequately proved by circumstantial evidence *353 that the cause of the fire was defendant’s negligence in leaving flammable painting materials in a vacant apartment. Allen contends defendant and his wife began cleaning and painting the vacant apartment in preparation for a new rental. He asserts that inflammable, combustible materials consisting of paint, shellac and paint rags were left in the middle of the floor of the bedroom of the downstairs apartment (the bedroom was the center room of the apartment), and that the fire started there.
Allen relies mainly on the testimony of District Chief J. K. Clowers of the Monroe Fire Department, a veteran fire fighter and investigator. Testifying at the" trial more than a year after the fire and referring to his report prepared at the time of the fire, Chief Clowers stated his investigation led to the conclusion the fire started in the center of the downstairs bedroom. His recollection was that both Mr. and Mrs. Bradshaw told him the night of the fire they had left paint and rags in the center of the room in the course of painting. Based on this information the Chief was of the opinion the fire started as a result of spontaneous combustion of these materials.
The testimony of Bradshaw and his wife was directly contradictory to the information on which Clowers relied in reaching his conclusion as to the cause of the fire. Their testimony is to the effect that no painting had yet begun in the vacant apartment. An unopened can of water base paint and a clean paint brush were left in the middle of the room. Soapy cleaning rags were left in the kitchen sink. A can of shellac left by the previous tenant was in another room. The Bradshaws testified Mrs. Bradshaw did not talk to Clowers.after the fire as she was at home in bed with the flu.
The trial court, in written reasons for judgment, found there was a complete lack of evidence of negligence on the part of the Bradshaws. No physical evidence of highly inflammable materials was found at the scene of the fire. The evidence establishes that the paint left in the room was a water base paint. The materials left in the room were in the center of the room which Clowers testified was the safest place for them. Clowers’s theory was based on conversations, the details of which were rather vague.
Appellant contends he has proven his case by circumstantial evidence, which excludes, with a fair amount of certainty, every other reasonable hypothesis as the cause of the fire, citing McFatter v. Welch, 205 So.2d 607 (La.App. 3d Cir. 1967) as to the burden of proof in a case based on circumstantial evidence.
Although no other explanation of how and why the fire started is offered, the evidence does not substantiate Clowers’s explanation with reasonable certainty. Plaintiff has not met his burden of proof because he did not establish by a preponderance of the evidence the factual or eviden-tiary basis upon which Clowers’s opinion rested. It was not proved that the Brad-shaws left combustible, inflammable materials in the vacant apartment. Plaintiff failed to prove that defendant negligently created a dangerous situation. It was not established that the materials left by defendant in the center of a room created a hazardous or dangerous condition or constituted an undue risk of harm to others or amounted to substandard conduct on the part of defendant.
It is the failure of plaintiff to prove the existence of a dangerous situation created by defendant’s negligence which prevents the applicability to this case of the reason-, ing of Boudreaux v. American Insurance Company, 262 La. 721, 264 So.2d 621 (1972). The Boudreaux case was not cited in brief by either party. The impact of Boudreaux on this area of our law, however, makes it appropriate to make mention of the case. In Boudreaux the existence of the hazard and the negligence of the de *354 fendant in bringing it about were proven. Res ipsa loquitur then provided the link by which it was inferred that it was more probable the fire was caused by such negligence than by any other cause. For Boudreaux to apply it would have to be proven that hazardous materials were left in the bedroom by defendant.
The trial judge determined that the plaintiff failed to show that hazardous materials were present in the apartment. We find no manifest error in that decision and for the reasons given, affirm the judgment of the district court, at appellant’s costs.
Affirmed.