BARRY, Judge.
The initial issue is whether there is sufficient evidence to find that an alleged building defect resulted in plaintiff’s slip and fall accident.
On September 30, 1980 Anna Upton, manager of a Flame-N-Burger restaurant, was injured when she slipped and fell while mopping a puddle of water in the kitchen area. She contends the water accumulated from an opening between' the back wall of the kitchen and the floor allowing water seepage during inclement weather. Her husband, the President and General Manager of Flame-N-Burger, Inc., leased the premises from a partnership, L.O.B. Enterprises.
The Uptons sued L.O.B. Enterprises, its insurer, and the individual partners seeking damages for Mrs. Upton’s injuries. The defendants filed a third party demand against Flame-N-Burger, as lessee of the building, and its co-investors, and reconvened against Mr. Upton based on an indemnification agreement in the lease. Flame-N-Burger intervened for $30,668.00 compensation benefits and $18,284.91 medical expenses. Defendants also filed a third party demand against Sid Oden & Co., the contractor, for the building, and on the performance bond. The contractor filed for bankruptcy and the insurer’s exceptions of prematurity and no cause or right of action were upheld.
The commissioner ruled plaintiffs failed to prove a building defect resulted in the water seepage which caused the injury and found that the alleged leak had been corrected prior to Mrs. Upton’s fall. The trial judge accepted these findings and dismissed the suit.
The commissioner noted there was an elevation difference between the restaurant’s slab and the adjoining property, and that other tenants’ premises also had water leakage. His reasons concluded:
There was no showing whether the adjoining property was paved or unpaved or whether there was any drainage provided in this area. There was no showing, which this Court finds fatal to plaintiff’s case, of any rainfall on the day of the accident or in any of the preceeding *1254 [sic] days. The Court was not shown whether the water found on the floor was untreated water or whether it was treated water which came from S & WB supplies which serviced several of Flame-N-Burger, Inc.’s plumbing appliances, or whether it was condensation from refrigeration equipment. There was a showing that an ice-maker was causing visible accumulation of water in the same area as the slip and fall several months after the accident. At this time the maintenance of this problem by Flame-N-Burger, Inc. consisted of placing newspaper on the floor to catch the drips.
In the absence of evidence with respect to the frequency, duration, and intensity of the wall leak, the Court is unable to conclude that the water standing on the floor at the time of the injury was caused by a dereliction of the landlord’s duty or a dereliction of the tenant’s duty to maintain its equipment. Further, the fact that the wife was fully informed on the condition of the floor at the time suggests victim fault or assumption of the risk.
A plaintiff must prove every element of the claim including factual and legal causation by a clear preponderance of the evidence. Legal cause requires a proximate relation between the actions of a defendant and the harm which occurs. Such relation must be substantial. Sinitiere v. Lavergne, 391 So.2d 821 (La.1980).
In proving a building defect the plaintiff may use circumstantial proof which must exclude other reasonable hypotheses with a fair amount of certainty, such that it would be more probable than not that harm was caused by the defendant’s tortious conduct. Latham v. Aetna Casualty and Surety Co., 377 So.2d 350 (La.1979); Boudreaux v. American Ins. Co., 262 La. 721, 264 So.2d 621 (1972); Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151 (1971).
Mr. Upton maintained a diary of various problems with the building, including the alleged leakage, from February until June, 1980. As a result of his complaints the owner responded with repairs. Defendant’s maintenance supervisor testified he checked the leak area two or three times and remedied the situation. Thereafter, he said no additional complaint concerning water leakage was received. Mr. Upton claims the wall area was leaking when his wife fell, however, his detailed record does not show any problem after the last repair which was three months prior to the accident.
The owner showed that water was found in front of an ice machine (by the rear wall where the accident happened) nine months after the incident. Mr. Upton initially testified the ice machine never leaked. After the owner proved otherwise, he conceded there had been problems with the machine but they developed after the accident. This evidence has little, if any, probative value.
There is no doubt that the restaurant, as well as other tenants of the shopping center, experienced a water seepage problem along the wall following rain. But the existence of the structural defect is immaterial if it cannot be connected to the wet floor at the time of the accident. There is no evidence that the wet floor resulted from rain. Plaintiffs simply failed to carry their burden of proof.
An appellate court cannot disturb factual findings absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), on remand, 370 So.2d 1262 (La.App. 3d Cir.1979), writ denied, 374 So.2d 660 (La.1979).
Questions of plaintiff’s contributory negligence, assumption of the risk, and the incidental demands are moot.
The judgment is affirmed.
AFFIRMED.