909 So.2d 1000 (2004)
Donnis R. LAW and Johni Law
v.
The STATE of Louisiana, through the DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
No. 2003 CA 1925.
Court of Appeal of Louisiana, First Circuit.
November 17, 2004.
Writ Denied April 29, 2005.
*1002 Christopher D. Glisson, Baton Rouge, for Plaintiffs-Appellees Donnis R. Law & Johni Law.
Maynard K. Batiste, Sr., Baton Rouge, for Defendant-Appellant the State of Louisiana, through the Department of Transportation and Development.
Before: PETTIGREW, DOWNING, and McCLENDON, JJ.
PETTIGREW, J.
This is an action by the driver and passenger of a motorcycle who sustained injury when they traveled onto the shoulder of a state highway. Following the rendition of a verdict by the jury, the trial court granted plaintiffs' Motion for JNOV. From this judgment, the State now appeals.

FACTS
The record reveals that on May 31, 1999, Donnis R. Law, accompanied by his wife, Johni Law, plaintiffs herein, was operating his Kawasaki 600 motorcycle in a southerly direction along Louisiana Highway 63 in St. Helena Parish. At approximately 4:30 P.M., near milepost 037.4, approximately .5 miles south of Louisiana Highway 37, the motorcycle operated by Mr. Law left the roadway and traveled onto the shoulder of the highway. Mr. and Mrs. Law claim that as their motorcycle traveled along the shoulder, it allegedly struck a u-channel post from a downed highway sign that caused Mr. Law to lose control of the motorcycle. Consequently, Mr. and Mrs. Law were ejected from their motorcycle resulting in the accident that forms the basis of this litigation.
*1003 On September 13, 1999, Mr. and Mrs. Law filed suit against the State of Louisiana, through the Department of Transportation and Development ("DOTD"), in St. Helena Parish.

ACTION OF THE TRIAL COURT
This matter was ultimately tried before a twelve-person jury in Greensburg, Louisiana, on July 9 and 10, 2002. The jury returned a verdict finding that DOTD had been negligent in maintaining the shoulder where the accident occurred, but that DOTD's negligence was not the proximate cause of the accident. On August 29, 2002, Mr. and Mrs. Law moved for a Judgment Not Withstanding the Verdict (JNOV) alleging that the verdict returned by the jury was contrary to the evidence presented at trial.
Following a hearing on September 27, 2002, the trial court took the matter under advisement. Citing the inconsistency of the jury verdict, the trial court granted Mr. and Mrs. Law's motion for JNOV on January 9, 2003, and in the alternative, stated that it believed a new trial was warranted. The trial court found DOTD to be 90 percent at fault, and cast Mr. Law with 10 percent of the fault. The trial court further awarded Mrs. Law damages totaling $364,913.95 and Mr. Law damages totaling $27,498.90. From this judgment, DOTD now appeals.

ISSUES PRESENTED FOR REVIEW
In connection with its appeal in this matter, DOTD has set forth the following issues for consideration by this court:
1. The trial court committed error when it granted [Mr. and Mrs. Law's] Motion for Judgment Notwithstanding the Verdict.
2. The trial court committed error when it granted [Mr. and Mrs. Law's] Motion for a New Trial.
3. The trial court committed error when it found DOTD's 90% [sic] at fault.

STANDARD OF REVIEW
Article 1811(F) of the Louisiana Code of Civil Procedure authorizes a trial court to grant a JNOV on either the issue of liability or of damages or both. The jurisprudence has established the standard for issuance of a JNOV, and for review of a granted JNOV.
A JNOV is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one party that the trial court believes that reasonable jurors could not arrive at a contrary verdict. The motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. The motion should be denied if there is evidence opposed to the motion that is of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions. Joseph v. Broussard Rice Mill, Inc., XXXX-XXXX, p. 4 (La.10/30/00), 772 So.2d 94, 99.
In reviewing a JNOV determination, this court must first decide whether the trial judge erred in granting the JNOV. A JNOV is proper only when the trial court determines that reasonable minds could not reach a contrary verdict. Neither the trial court nor this court can substitute its evaluation of the evidence for that of the jury unless the jury's conclusions totally offend reasonable inferences from the evidence. Templet v. State ex rel. Dept. of Transp. and Development, 2000-2162, p. 6 (La.App. 1 Cir. 10/30/00), 818 So.2d 54, 58; Joseph, XXXX-XXXX at 5, 772 So.2d at 99. Thus, in the instant case, *1004 this court must ask whether the facts and inferences point so strongly and overwhelmingly in favor of a finding that the fault of DOTD was a cause in fact of the injuries sustained by Mr. and Mrs. Law that no reasonable juror could have reached a different verdict on the issue. If the answer to this question is in the affirmative, the trial judge was correct in granting the motion. If, however, reasonable persons in the exercise of impartial judgment might reach a different conclusion, then it was error to grant the motion and the jury verdict should be reinstated. Simoneaux v. Amoco Production Co., XXXX-XXXX, p. 11 (La.App. 1 Cir. 9/26/03), 860 So.2d 560, 567.
When contemplating a JNOV, the trial court is prohibited from weighing evidence, making credibility determinations, drawing inferences therefrom, or substituting its own factual conclusions for those of the jury. Additionally, questions of fact should be resolved in favor of the non-moving party. Templet, 2000-2162 at 6, 818 So.2d at 58. The trial judge is not entitled to interfere with the verdict simply because he believes another result would be correct. See Davis v. Wal-Mart, Inc., 00-0445, pp. 12-13 (La.11/28/00), 774 So.2d 84, 95. This rigorous standard is based on the principle that "[w]hen there is a jury, the jury is the trier of fact." Joseph, XXXX-XXXX at 5, 772 So.2d at 99.

DISCUSSION

DOTD Liability
A plaintiff may proceed against DOTD under either a theory of negligence, based on La. Civ.Code article 2315, or a theory of strict liability, based on La. Civ. Code article 2317 and La. R.S. 9:2800. In order for DOTD to be held liable, the burden of proof is the same under either theory. That is, the plaintiff bears the burden of showing that:
(1) DOTD had custody of the thing that caused the plaintiff's injuries or damages;
(2) the thing was defective because it had a condition that created an unreasonable risk of harm;
(3) DOTD had actual or constructive knowledge of the defect and failed to take corrective measures within a reasonable time; and
(4) the defect in the thing was a cause-in-fact of the plaintiff's injuries.
Netecke v. State ex rel. DOTD, 98-1182, p. 7 (La.10/19/99), 747 So.2d 489, 494. To recover, the plaintiff bears the burden of proving all of these inquiries in the affirmative and failure on any one is fatal to the case. Id.
DOTD has a duty to maintain the public highways in a condition that is reasonably safe for persons exercising ordinary care and reasonable prudence. Toston v. Pardon, 03-1747, p. 10 (La.4/23/04), 874 So.2d 791, 799. DOTD must maintain the shoulders and the area off the shoulders, within its right-of-way, in such a condition that they do not present an unreasonable risk of harm to motorists using the adjacent roadway and to others, such as pedestrians, who are using the area in a reasonably prudent manner. Brown v. Louisiana Indem. Co., 97-1344, pp. 3-4 (La.3/4/98), 707 So.2d 1240, 1242. DOTD's duty to maintain safe shoulders encompasses the foreseeable risk that for any number of reasons a motorist might find himself on, or partially on, the shoulder. Graves v. Page, 96-2201, pp. 12-13 (La.11/7/97), 703 So.2d 566, 572. This duty extends not only to prudent and attentive drivers, but also to motorists who are slightly exceeding the speed limit or momentarily inattentive. Ledbetter v. State, *1005 Through La. Dept. of Transp. & Dev., 502 So.2d 1383, 1387 (La.1987).
This duty, however, does not render DOTD the guarantor for the safety of all the motoring public. Graves, 96-2201 at 12, 703 So.2d at 572. Further, DOTD is not the insurer for all injuries or damages resulting from any risk posed by obstructions on or defects in the roadway or its appurtenances. Id. Moreover, not every imperfection or irregularity will give rise to liability, but only a condition that could reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. Entrevia v. Hood, 427 So.2d 1146, 1149 (La.1983). The existence of an unreasonable risk of harm may not be inferred solely from the fact that an accident occurred. See, e.g., Simeon v. John Doe, d/b/a The Sweet Pepper Grill, 618 So.2d 848 (La.1993). Whether DOTD breached its duty to the public, by knowingly maintaining a defective or unreasonably dangerous roadway, will depend on the facts and circumstances of each case. Campbell v. Department of Transp. & Dev., 94-1052, p. 6 (La.1/17/95), 648 So.2d 898, 901-02.
There is no question that DOTD was obligated to maintain the shoulder of the highway, within its right-of-way, in such a condition that it did not pose an unreasonable risk of harm to motorists using the area in a reasonably prudent manner. Brown, 97-1344 at p. 4, 707 So.2d at 1242. Clearly, DOTD also had custody or "garde" of its highway sign that was defective due to its fallen condition and presented an unreasonable risk of harm to motorists using the adjacent roadway and to others, such as pedestrians, provided such persons were exercising ordinary care and reasonable prudence.
Without addressing the question of whether the evidence established that the fallen highway sign was a cause in fact of the injuries sustained by Mr. and Mrs. Law, we note that the record and the evidence fails to indicate conclusively the length of time the sign was down, or that DOTD had actual or constructive knowledge of this condition and thereafter failed to take corrective action. To grant the JNOV, the trial court had to find whether, considering all the evidence in the light most favorable to DOTD, the facts and inferences pointed so strongly and overwhelmingly in favor of Mr. and Mrs. Law that reasonable jurors could not have found against them.
Based upon our review of the entire record, we must find that the trial court erred in granting the JNOV. In this case, it was the role of the jury, not the court, to accept or reject the testimony of the various witnesses and experts. The facts and inferences do not point so strongly and overwhelmingly in favor of Mr. and Mrs. Law that reasonable persons could not have found that DOTD lacked notice that the sign was down and thus, was not liable for the injuries sustained by Mr. and Mrs. Law. Reasonable jurors could have also found that the sign was not a cause in fact of the injuries sustained by Mr. and Mrs. Law. Accordingly, we must reverse the JNOV and re-instate the trial court's judgment that reflects the verdict returned by the jury.

Motion for New Trial
At the time Mr. and Mrs. Law moved for a JNOV, they also filed an alternative motion for a new trial. The trial court granted the JNOV, and stated that "[i]n the event the JNOV is not affirmed in the alternative the trial court believes a new trial is warranted."
Louisiana Code of Civil Procedure article 1811 provides that a motion for new trial may be joined with a JNOV request, or a new trial may be prayed for in the *1006 alternative. La.Code Civ. P. article 1811A(2). The article further provides that if the motion for JNOV is granted, the court shall rule on the motion for new trial if one was made by determining whether it should be granted if the JNOV is thereafter reversed. La.Code Civ. P. article 1811C(1).
Pursuant to La.Code Civ. P. article 1972, a new trial shall be granted, upon contradictory motion of any party, (1) when the verdict or judgment appears clearly contrary to the law and the evidence; or (2) when the party has discovered, since the trial, evidence important to the cause, which said party could not, with due diligence, have obtained before or during the trial. Davis, 00-0445 at p. 9, 774 So.2d at 92-93. In addition, a discretionary ground for a new trial is set forth in Article 1973, which authorizes the court to grant a new trial in any case if there is good ground for it. Guidry v. Millers Cas. Ins. Co., 01-0001, p. 4 (La.App. 1 Cir. 6/21/02), 822 So.2d 675, 680.
The motion for a new trial requires a less stringent test than for a JNOV as such a determination involves only a new trial and does not deprive the parties of their right to have all disputed issues resolved by a jury. Whether to grant a new trial requires a discretionary balancing of many factors. Gibson v. Bossier City General Hospital, et al., 594 So.2d 1332, 1336 (La.App. 2 Cir.1991). Unlike the standard applicable to a motion for JNOV, the trial judge may evaluate evidence without favoring any party and draw his own inferences and conclusions. Perhaps the significant authority is the ability to assess the credibility of witnesses when determining whether to grant or deny the motion for a new trial. Wyatt v. Red Stick Services, Inc., et al, 97-1345, p. 12 (La.App. 3 Cir. 4/1/98), 711 So.2d 745, 752 citing Morehead v. Ford Motor Co., 29,399, p. 5 (La.App. 2 Cir. 5/21/97), 694 So.2d 650, 655, writ denied, 97-1865 (La.11/7/97), 703 So.2d 1265. When the trial court is convinced by its examination of the facts that the judgment would result in a miscarriage of justice, a new trial should be ordered. Davis, 00-0445 at p. 10, 774 So.2d at 93.
As we have stated, Mr. and Mrs. Law's motion for new trial was pleaded in the alternative and joined with their motion for JNOV. Although Mr. and Mrs. Law did not allege that new evidence had been discovered, or any of the other peremptory grounds for granting a new trial, the trial judge was in a position to evaluate the evidence and assess the credibility of witnesses in determining whether to grant or deny the motion for a new trial. Further, it was noted by the trial court of potential confusion by the jury over the jury interrogatories. Absent an abuse of discretion, we affirm the trial judge's decision to grant a new trial and further pretermit the remaining issue regarding the percentage of fault the trial court assigned to DOTD. This and all other issues will be resolved in a new trial on the merits.

CONCLUSION
Upon review of the record in this matter and for the reasons set forth above, we reverse the decision by the trial court to grant Mr. and Mrs. Law's motion for JNOV, but affirm the trial court's alternative grant of a motion for new trial. All costs associated with this appeal shall be assessed against plaintiffs-appellants, Donnis R. Law and Johni Law.
JNOV REVERSED, MOTION FOR NEW TRIAL GRANTED, AND REMANDED.