927 So.2d 351 (2005)
Crystal Marie THOMPSON
v.
BGK EQUITIES, INC., Wampold & Company, Inc., the Travelers Property Casualty Insurance Company and XYZ Insurance Company.
No. 2004 CA 2366.
Court of Appeal of Louisiana, First Circuit.
November 4, 2005.
Writ Denied March 17, 2006.
*352 Anthony J. Milazzo, Jr., Metairie, Counsel for Plaintiff/Appellant Crystal Marie Thompson.
L. Dean Fryday, Jr., Baton Rouge, Counsel for Defendants/Appellees BGK Equities, Inc. and The Travelers Property and Casualty Company.
Before: WHIPPLE, McCLENDON, and WELCH, JJ.
McCLENDON, J.
Plaintiff appeals a summary judgment dismissing her lessor liability claim with prejudice. For the reasons that follow, we affirm.

FACTUAL AND PROCEDURAL HISTORY
The underlying facts in this case are undisputed. Plaintiff, Crystal Thompson, leased apartment number 144 at Sable Chase Apartments in November of 1998. On June 7, 2001, she suffered a slip and fall as she descended the exterior stairs that provided access to and from her second story apartment. The stairs were wet, as it had been raining for several days. In fact, it was drizzling at the time she fell.
In 2002, Ms. Thompson filed suit against the apartment owner and lessor,[1] BGK Equities, Inc. (BGK), and its insurer, Travelers Indemnity Company, alleging that the stairs contained a defect that caused her to fall and sustain injuries. In April 2004, the defendants filed a motion for summary judgment contending that Ms. Thompson lacked the factual support necessary to prove the existence of a defect in the stairs. They maintained that the water on the stairs was not a defect, but was, at most, a temporary condition that was open and obvious to everyone. They further pointed out the lack of any other accidents involving any of the exterior stairways at the complex. Alternatively, defendants argued that even if a defect existed, Ms. Thompson would be unable to prove that they knew or should have *353 known of its existence, as required under La. C.C. art. 2317.1. In conjunction with their motion, defendants submitted an affidavit by general manager Russell Lober, who handled the day-to-day affairs of the Sable Chase Apartments. Therein, Mr. Lober averred that there had never been an accident, claim, or notice of any defective or hazardous condition involving any of the exterior stairways located on the property.
In opposition, Ms. Thompson maintained that La. C.C. art. 2695[2] was the controlling law in this case and, as a result, she was relieved from proving knowledge of the defect on the part of the defendants. She further argued that the small metal strip on the edge of the stairs and the painted wooden handrails rendered the stairway defective because they became slippery when wet, and that this defect caused her fall. Ms. Thompson submitted her own affidavit wherein she reiterated these assertions.
The trial court found that although La. C.C. art. 2695 might apply, Ms. Thompson nevertheless failed to prove the existence of a defect. Accordingly, the trial court granted summary judgment in favor of the defendants and dismissed Ms. Thompson's claim. From this summary judgment, Ms. Thompson appeals.

ANALYSIS
On appeal, Ms. Thompson contends that La. C.C. art. 2695 is the applicable law while defendants maintain that La. C.C. art. 2317.1 is controlling. At the time of the accident, La. C.C. art. 2695 provided as follows:
The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same.
Louisiana Civil Code art. 2317.1 stated, in pertinent part:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.
In determining the applicability of laws, it is axiomatic that the more specific governs over the more general. Liberty Mutual Insurance Co. v. Louisiana Insurance Rating Commission, 96-0793, p. 9 (La.App. 1 Cir. 2/14/97), 696 So.2d 1021, 1027, writs denied, 97-2069, 97-2062 (La.12/19/97), 706 So.2d 451, 452. At the pertinent time, Article 2695 was found in the section of the civil code entitled Of the Obligations and Rights of the Lessor, and governed specifically the rights between the lessor and the lessees. In contrast, articles 2317 and 2317.1 are located in the chapter of the civil code entitled Of Offenses and Quasi Offenses. Because Article 2695 more specifically addressed the situation, we agree with Ms. Thompson *354 that it is applicable under these circumstances.
Louisiana Civil Code article 2695 imposed strict liability upon a lessor for damages to a lessee caused by vices and defects in the thing leased. Great American Surplus Lines Insurance Co. v. Bass, 486 So.2d 789, 792 (La.App. 1 Cir.), writ denied, 489 So.2d 245 (La.1986). In Barnes v. Riverwood Apartments Partnership, 38,331, pp. 5-8 (La.App. 2 Cir. 4/7/04), 870 So.2d 490, 494-95, writ denied, XXXX-XXXX (La.6/25/04), 876 So.2d 845 and Montecino v. Bunge Corp., Inc., 2004-875, p. 5 (La.App. 5 Cir. 2/15/05), 895 So.2d 603, 606-07, writ denied, XXXX-XXXX (La.6/17/05), 904 So.2d 704, the courts found that the strict liability imposed on a lessor by La. C.C. art. 2695 was unaffected by the 1996 enactment of La. C.C. art. 2317.1.[3] We approve of the reasoning set forth in Barnes and likewise conclude that this article retained the concept of strict liability that was in no way affected by the 1996 tort reform legislation. Accordingly, we find the defendants' assertions to the contrary to be without merit.
The sole distinguishing factor between negligence and strict liability is one of scienter. Clark v. Parish of St. Mary Gravity Drainage District # 3, XXXX-XXXX, p. 5 (La.App. 1 Cir. 9/27/02), 846 So.2d 760, 763. While actual or constructive knowledge must be proven to establish negligence, it is not necessary to establish strict liability. See Lee v. Magnolia Garden Apartments, 96-1328, p. 13 (La.App. 1 Cir. 5/9/97), 694 So.2d 1142, 1150, writ denied, 97-1544 (La.9/26/97), 701 So.2d 990. However, as recognized by the trial court, even under La. C.C. art. 2695, a plaintiff was still required to prove that a defect exists and that the defect was the cause of the plaintiff's damages. Latham v. Aetna Casualty & Surety Co., 377 So.2d 350, 351 (La.1979); Martinez v. Coleman, XXXX-XXXX, p. 7 (La.App. 5 Cir. 4/24/01) 786 So.2d 170, 173. A "defect" for the purposes of article 2695 has been defined as a dangerous condition reasonably expected to cause injury to a prudent person using ordinary care under the circumstances. Renfro v. South Coast Corp., 374 So.2d 122, 124 (La.App. 1 Cir.1979); Martinez, XXXX-XXXX at p. 7, 786 So.2d at 173.
In their motion for summary judgment, defendants asserted that Ms. Thompson lacked factual support to prove the existence of a defect. The trial court agreed. On appeal, Ms. Thompson maintains that the trial court erred in granting the motion for summary judgment because a genuine issue of material fact exists regarding the presence of a defect.
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's determination of whether a summary judgment is appropriate. Duplantis v. Dillard's Dept. Store, XXXX-XXXX, p. 5 (La.App. 1 Cir. 5/9/03), 849 So.2d 675, 679, writ denied, XXXX-XXXX (La.10/10/03), 855 So.2d 350. A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The initial burden of proof is on the moving party. However, on issues for which the moving party will not bear the burden of proof at trial, the moving party's burden of proof on the motion is satisfied by pointing out to the court that *355 there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(C)(2).
In an effort to produce factual support to oppose the defendants' motion, Ms. Thompson submitted an affidavit wherein she basically averred that the steps were "constructed of pebbles or rocks that are within a metal casing" and that a "portion of the top outer edge of the steps" were of a "metal composition." She maintained that it was raining when she descended the stairs; therefore, the stairs and handrails were wet. She claimed that the wet metal portion of the steps and the wet handrails constituted a defect that caused her to slip and fall. Defendants did not dispute the plaintiff's physical description of the stairway. Nor did they dispute that the stairs were wet from precipitation at the time of the accident. Thus, Ms. Thompson's affidavit did not establish or add any factual information that was not already known in this case, and therefore did not establish any genuine issue of contested material fact. Accordingly, the only issue is whether, under the undisputed facts of this case, the stairs contained a defect that caused Ms. Thompson's accident and subsequent injuries.
The existence of a defect may not be inferred solely from the fact that an accident occurred. Law v. State ex rel. Dept. of Transportation and Development, XXXX-XXXX, p. 5 (La.App. 1 Cir. 11/17/04), 909 So.2d 1000, 1005, writs denied, XXXX-XXXX, XXXX-XXXX (La.4/29/05), 901 So.2d 1062. To the contrary, a plaintiff is required to prove, by a preponderance of the evidence, that a defect existed and that the defect caused the plaintiff's damages. Latham, 377 So.2d at 351. Photographs of the stairs submitted by both parties show a rather diminutive metal strip that appears to serve as a casing for the aggregate that forms the actual steps. Thus, if Ms. Thompson were properly descending the stairs, it must be concluded that her steps would have primarily fallen on the aggregate with either little or none of her shoe contacting the small metal edge. In her opposition, Ms. Thompson admitted that the aggregate, which covered the vast majority of the step, created a rough, as opposed to a slick, surface.
According to the affidavit of Mr. Lober, no other tenants reported having an accident on any of the exterior stairways nor had any tenant made any complaints regarding the presence of a possible defect. Moreover, it is undisputed that the metal edge and the water on the stairs were clearly visible to Ms. Thompson. She submitted no proof that the stairs or the handrails were in violation of any codes or ordinances as she originally alleged in her petition or that the stairs were in any state of disrepair. Finally, she conceded that there was no other substance on the stairs and handrails except for the rainwater.
Considering all of these facts, we conclude that Ms. Thompson failed to establish that she would be able to satisfy her evidentiary burden of proof at trial on an essential element of her case, namely, that the stairs contained a defect. Accordingly, defendants were entitled to judgment as a matter of law.

CONCLUSION
For the foregoing reasons, the summary judgment rendered in favor of BKG Equities, Inc. and Travelers Indemnity Company is affirmed. Crystal Thompson is cast with all costs of this appeal.
AFFIRMED.
NOTES
[1] Based on the pleadings, it is unclear whether the lessor was BGK or Sable Chase Apartments Operating Associates, L.P., a wholly owned subsidiary of BGK. However, for purposes of its motion for summary judgment and this appeal, BGK does not dispute its classification as lessor.
[2] Subsequent to the filing of this suit, Title IX, "Of Lease", of Book III of the Civil Code was revised by Acts 2004, No. 821 eff. January 1, 2005. Former La. C.C. art. 2695 is a partial source for present La. C.C. arts. 2696 and 2697. All references in this opinion to La. C.C. art. 2695 refer to that article as it existed prior to the 2004 revision.
[3] We recognize that, pursuant to La. R.S. 9:3221, the legislature has provided a lessor the ability to contract out of this liability; however, the application of this particular statute is not presently before this court.