NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 06-1516

TINA MARIE GILCHRIST

VERSUS

CHARLES KING

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 221,192
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Jimmie C. Peters, Billy Howard Ezell, and James T. Genovese, Judges.

AFFIRMED.

Howard N. Nugent, Jr.
Nugent Law Firm
P. O. Box 1309
Alexandria, LA 71309-1309
(318) 445-3696
Counsel for Plaintiff/Appellant:
Tina Marie Gilchrist

**Malcolm Xerxes Larvadain**
**Edward Larvadain, Jr. & Associates**
**626 8th Street**
**Alexandria, LA 71301**
**(318) 445-3533**
**Counsel for Defendant/Appellee:**
**Charles King**

**EZELL, Judge.**

Tina Gilchrist appeals the trial court judgment dismissing her claim for damages she alleges she sustained when she stepped through the floor of the home she was renting and injured her right knee. For the following reasons, we affirm.

## FACTS

In January 2004, Ms. Gilchrist rented and moved into an apartment on Long Pine Street in Alexandria, Louisiana. The home was owned by Charles King. Mr. King explained that the apartment was built over what used to be a nightclub. Prior to Ms. Gilchrist moving in, Mr. King noticed a water leak in the plumbing in the kitchen floor. He cut an approximately twelve by seventeen inch hole in the floor to reveal the pipes. The hole was about six inches from the cabinet base. Mr. King hired A.J. Johnson to repair the leak. Mr. Johnson worked for the Rapides Parish School Board as a "jack of all trades" and did plumbing as a side job.

As observed by the trial court, there was some discrepancy about who replaced the boards. Mr. King testified that he inserted some floor joists after he initially cut the hole. He then placed the boards back, nailing some and screwing some to the floor joists. Mr. Johnson indicated that when he got to the home, he pulled up the boards, which had been nailed down. When he replaced the boards, Mr. Johnson stated that he screwed them back. It is possible that Mr. King replaced the boards before Mr. Johnson came to repair the leak.

Ms. Gilchrist testified that on June 16, 2004, she was reaching up to get a saucer out of the kitchen cabinet when her right leg went through the floor where the hole had been cut. During the incident, she claimed she twisted her right knee. Her boyfriend, and the father of one of her children, called an ambulance. Ms. Gilchrist testified that one of the ambulance attendants had to get something from the

ambulance to snap the board so her leg could be removed from the floor. She claimed damages as a result of the incident.

Trial was held on May 25, 2006. The trial court found that Ms. Gilchrist failed to prove she stepped through the floor of the rental property. Ms. Gilchrist then filed the present appeal.

**DISCUSSION**

Ms. Gilchrist appeals the decision of the trial court that she did not prove her case by a preponderance of the evidence, claiming the trial court erred in relying on her failure to present the testimony of her former boyfriend who was in jail in Dallas, Texas. She further claims that the trial court erred in giving more weight to the negative rather than the positive testimony.

At the time of the accident, La.Civ.Code art. 2695 provided:

> The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same.

In *Latham v. Aetna Casualty & Surety Co.*, 377 So.2d 350 (La.1979), the supreme court held that the occurrence of an accident on the leased premises does not give rise to a presumption that a defect in the premises was the cause of the accident. The supreme court further held that the lessee must prove by a preponderance of the evidence that a defect existed and that the defect caused the damages. Whether the defect caused the accident is a question of fact subject to the manifest error standard of review. *Green v. K-Mart Corp.*, 03-2495 (La. 5/25/04), 874 So.2d 838.

"Proof is sufficient to constitute a preponderance when the entirety of the evidence, both direct and circumstantial, shows that the fact sought to be proved is

2

more probable than not." *Benjamin v. Housing Auth. of New Orleans*, 04-1058, p. 5 (La. 12/1/04), 893 So.2d 1, 4-5.

The trial court noted that Mr. King agreed that there had been a hole in the floor which had been repaired. However, the trial court found that Ms. Gilchrist failed to prove that she stepped through the floor of the rental property and was injured. In coming to this conclusion, the trial court observed that Ms. Gilchrist did not introduce the testimony of her former boyfriend who had allegedly been a witness to the accident. Additionally, the trial court also took into account that Ms. Gilchrist testified that she took pictures of the hole, but the wrong type camera had been used so the pictures did not develop. These are facts that were presented at trial and relied on by the trial court as part of the case. However, they are not the only facts developed at trial relied on by the trial court in making its decision that Ms. Gilchrist failed to prove she fell through a hole in the floor.

We agree with Ms. Gilchrist that the Acadian Ambulance records in evidence indicate that "[patient] stated she was reaching for something in cabinet when the floor broke and her right leg fell through the floor. [patient] stated when she fell, she twisted right knee and landed right side on floor. [patient] denies loc". We agree with the trial court that this information was obviously reported to Acadian Ambulance and not observed by Acadian Ambulance. There is no indication in the record that an attendant was required to use force to remove Ms. Gilchrist from the floor as she testified.

Ms. Gilchrist also admitted that she had previous injuries to her right knee. In 2000, she displaced the patella while playing little league ball. Later, while working at Sonic, she again injured her right knee. At the time she was wearing skates and her right skate got caught in a crack. She fell to the ground, and her right knee was

3

knocked out of place.

Mr. King was notified of the accident in the rental apartment a few days after it occurred. He testified that he went to look at the floor. He observed that someone had removed the boards with force. The board was not broken but still intact. It appeared to him that someone had pulled the board up.

We find no manifest error in the trial court's conclusion that Ms. Gilchrist failed to carry her burden of establishing that she injured her knee by falling through the floor. The judgment of the trial is affirmed. Costs of this appeal are assessed to Tina Gilchrist.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3 Uniform Rules, Court of Appeal.

4