STEPHEN J.WINDHORST, Judge.
1^Plaintiff, Shineda Taylor, appeals from the granting of a summary judgment in favor of defendants, Airline Skate Center, Inc. and Robert Jean, dismissing her claims against defendants with prejudice. We affirm the decision of the trial court.
Ms. Taylor filed this suit for damages after she broke her ankle while skating at defendants’ skating rink, Airline Skate Center. According to Ms. Taylor’s deposition testimony, she, her three children, and her boyfriend went to Airline Skate Center on May 8, 2010. When she arrived, she obtained a pair of size 8 skates and wore them for a while, but then decided that those skates were too big. She returned them and obtained a pair of size 7 skates. She wore those skates for about 30 minutes, during which time she was walking *99 on the skates in the “kiddie” area and in the carpeted area while holding the hand of her 5-year-old son. She took a step and the front wheels of her left skate locked np, causing her to fall. Paramedics arrived approximately 25 minutes later and transported her to the ^hospital, where it was learned that she had broken her ankle. Approximately two weeks later, she underwent surgery.
In this appeal, Ms. Taylor assigns as error the trial court’s ruling granting the motion for summary judgment. She contends that the trial court made a credibility judgment, which is not permitted on a motion for summary judgment. She argues that there are material issues of fact as to whether Airline Skate Center was negligent in maintaining its skates and the trial court erred in granting defendants’ motion for summary judgment.
Summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966B(2). The party bringing the motion bears the burden of proof; however, where the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim. La. C.C.P. art. 966C(2). Thereafter, if the adverse party fails to produce factual support sufficient to show that he will be able to meet his evidentiary burden of proof at trial, no issue of material fact exists and the moving party is entitled to summary judgment. Id.
On appeal, our review of summary judgments is de novo using the identical criteria that govern the district court’s consideration of whether summary judgment is appropriate. In re Succession of Holbrook, 13-1181 (La.1/28/14), 144 So.3d 845. The decision as to the propriety of a grant of a motion for summary judgment must be made with reference to the substantive law applicable to the case. Muller v. Carrier Corp., 07-770 (La.App. 5 Cir. 4/15/08), 984 So.2d 883, 885.
|4In her petition, Ms. Taylor alleges that her accident was “solely and proximately caused by defects in the skates owned by and/or under the supervision, management, care custody, and control of defendants,” and therefore the defendants are strictly liable.
La. R.S. 9:2800.6 B(i) provides:
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
In addition, La. C.C. art. 2317.1 provides that “The owner of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.”
Airline Skate Center filed its motion for summary judgment contending that there was no evidence that Ms. Taylor’s roller *100 skates were defective or that it had actual or constructive notice of any defect. In support of its motion, Airline Skate Center offered the affidavit of Leon Faulkner, its manager for 30 years. According to Mr. Faulkner, Airline routinely inspects each pair of skates, including the inserts, axles, wheels, nuts and bearings, before they are rented to a customer. Furthermore, Airline performs regular maintenance of all its skates, and any repairs are noted in the weekly repair log. Mr. Faulkner also averred that there was no notification to any Airline Skate Center employee of any problem with the skates rented by Ms. Taylor.
IkTo oppose Airline Skate Center’s motion, Ms. Taylor offered her deposition testimony. In her deposition, Ms. Taylor stated that she fell because the front wheels of her left skate “locked up.” She stated that the shoes appeared very old and dirty, with frayed laces. She admitted that she did not report her accident to any personnel at Airline Skate Center. She did not fill out an accident report, nor did she tell any employee that the front wheels of her left skate locked up. In addition, she did not keep the skates at issue, nor did she tell Airline Skate Center to keep the skates. Ms. Taylor stated that she did not see anything on the floor before she fell, and that no one ran into her before she fell. When asked what evidence she had to show that Airline Skate Center failed to maintain their skates, she replied “none.” She also answered that she had no evidence to show that Airline Skate Center failed to inspect the skates, failed to repair the skates, and that it should have known of any hazard, which are necessary elements of the case under La. C.C. art. 2317.1.
On appeal, Ms. Taylor contends that the trial court made credibility calls as to the veracity of Ms. Taylor’s deposition testimony. Airline Skate responds that the trial court correctly granted summary judgment because Ms. Taylor attempts to rely only on her unsupported testimony, which fails to establish any factual dispute.
“An issue of negligence or fault can be decided on a motion for summary judgment, provided that the evidence leaves no relevant, genuine issue of fact, and reasonable minds must inevitably conclude that the mover is entitled to judgment based on the facts before the court.” Smith v. Casino New Orleans Casino, 12-0292 (La.App. 4 Cir. 10/3/12), 101 So.3d 507. “Mere con-clusory allegations, improbable inferences and unsupported speculation will not support a finding of a genuine issue of material fact.” Richard v. Liberty Mut. Ins. Co., 13-26 (La.App. 3 Cir. 10/9/13), 123 So.3d 345, 349. Thus, “such allegations, inferences and speculation are insufficient to satisfy the opponent’s burden of proof, even if contained in an deposition.” Sears v. Home Depot, USA, Inc., 06-201 (La.App. 4 Cir. 10/18/06), 943 So.2d 1219, 1228, writ denied, 06-2747 (La.1/26/07), 948 So.2d 168.
In this case, Ms. Taylor alleges that her skate was defective, and this defect caused her to fall. Ms. Taylor must prove the existence of a defect, which cannot be inferred solely from the fact that the accident occurred. See Thompson v. BGK Equities, Inc., 04-2366 (La.App. 1 Cir. 11/4/05), 927 So.2d 351, writ denied, 05-2405 (La.3/17/06), 925 So.2d 550. Although Ms. Taylor contends that her skate looked dirty and worn, and therefore must not have been properly maintained, she offered nothing to rebut Airline Skate Center’s evidence that the skates were examined and maintained on a regular basis, and inspected prior to being given to a renter. When asked what evidence she had to support her claims against Airline Skate Center, she replied that she had no *101 evidence. Ms. Taylor admitted in deposition that she did not report any problem with her skates either before or after the accident at issue, and she did not cause the skates to be preserved for evidence.
Ms. Taylor contends that her left skate locked up, while she was walking on carpet, because her skates were poorly maintained and that is what caused her to fall. Without more, her deposition consists of “conclusory allegations, improbable inferences and unsupported speculation.” Because Ms. Taylor bears the burden of proof at trial, and she freely admits that she has no evidentiary support to meet that burden or support her claims, we find no error in the trial court’s ruling granting Airline Skate Center’s motion for summary judgment.
^Accordingly, the judgment of the trial court granting summary judgment and dismissing plaintiffs claim with prejudice is affirmed. Costs are assessed against appellant.
AFFIRMED.