11 STEWART, Judge.
John Goodliffe and his wife appeal the judgment of the trial court granting motion for summary judgment in favor of the State and denying the Goodliffes’ motion for new trial. For the following reasons, we affirm.
FACTS
During the early morning hours of January 7,1994, John Goodliffe, under contract to Suddath Van Lines, drove his tractor trader westbound in the right lane on 1-20 in Bien-ville Parish when an unidentified vehicle attempted to pass and “swiped” Goodliffe’s trailer. Goodliffe veered right and collided with an unattended brown Ford Thunderbird parked on the shoulder of the highway. As a result of this accident, Goodliffe suffered numerous injuries to his person and damage to his property.
On January 9, 1995, Goodliffe and his wife filed suit against the State of Louisiana, through the Department of Transportation and Development (DOTD) and the Department of Public Safety and Corrections (DPS), the Louisiana State Police, John and/or Jane Doe, WYX Insurance Company, Suddath Van Lines, and First Hollywood Prem Finance. The petition alleged that DOTD and DPS failed to keep the highway clear of obstructions, faded to remove the Thunderbird after having received actual or constructive notice of its presence on the shoulder and of the likelihood that the vehicle could cause an accident and failed to warn motorists of the existence of defects or obstructions and that the Louisiana State Police failed to see the *38 obstruction, failed to advise motorists of the existence of an obstruction, failed to advise DOTD of the obstruction and failed to take action to have DOTD remove the “abandoned” vehicle. The State filed an answer and cross-claims against the Goodliffes, Green and her insurer.
|2Peborah A. Green, owner of the Thunderbird, and Illinois National Insurance Company, her insurer, compromised the Goodliffes’ claims against them and were dismissed from the lawsuit on June 20, 1996.
On July 11, 1996, following a hearing, the trial court granted the motion for summary filed by the State. On October 2, 1996, the trial court signed a judgment dismissing the Goodliffes’ claims against the State. The Goodliffes then filed a motion for new trial which the trial court denied by judgment signed December 17,1996.
The Goodliffes appeal and assign two errors. First, the Goodliffes urge that the trial court erred by granting the motion for summary judgment. Second, they assert that the trial court erred by denying the motion for new trial.
DISCUSSION

Summary Judgment

Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991), directs that an appellate court conduct a de novo review of the documents supporting and opposing a motion for summary judgment under the same criteria which governs the district court’s consideration of whether summary judgment is appropriate pursuant to La. C.C.P. art. 966. See also Bullock v. Homestead Insurance Co., 29,536 (La.App. 2nd Cir. 6/20/97), 697 So.2d 712 and Berzas v. OXY USA, Inc., 29,835 (La.App. 2nd Cir. 9/24/97), 699 So.2d 1149. Thus, an appellate court questions whether a genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318 (La.1993); Bullock v. Homestead Insurance Co., supra; Bockman v. Caraway, 29,436 (La.App. 2nd Cir. 4/20/97), 691 So.2d 815; Powers v. Tucker, 29,190 (La.App. 2nd Cir. 2/26/97), 690 So.2d 922; Gleason v. State Farm, 27,297 (La.App. 2nd Cir. 8/23/95), 660 So.2d 137, writ denied, 95-2358 (La.12/15/95), 664 So.2d 454.
Effective May 1, 1996, La. C.C.P. art. 966 was amended “to provide that summary judgment procedure is favored ... to provide for the burden of proof; and to provide for related matters.” See Acts 1996, 1st Ex. Sess., No. 9. Recently, the legislature has amended La. C.C.P. art. 966 for the purpose of clarifying the 1996 amendments and legislatively overruling all cases inconsistent with Hayes v. Autin, 96-287 (La.App. 3rd Cir. 12/26/97), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41. Being procedural in nature, the amendments are subject to retroactive application. Berzas v. OXY USA, Inc., supra; Curtis v. Curtis, 28,698 (La.App. 2nd Cir. 9/25/96), 680 So.2d 1327; NAB Natural Resources v. Willamette Industries, 28,-555 (La.App. 2nd Cir. 8/21/96), 679 So.2d 477; Short v. Giffin, 96-0361 (La.App. 4th Cir. 8/21/96), 682 So.2d 249, writ denied, 96-3063 (La.3/7/97), 689 So.2d 1372.
Unlike existing jurisprudence which dictated that summary judgment was not favored and was cautiously and sparingly used, summary judgment is today favored to secure just, speedy and inexpensive determinations of all except certain disallowed actions. Hayes v. Autin, supra. As indicated by the Hayes decision, as well as the recent amendments, the jurisprudential presumption against granting summary judgment has been eliminated. In effect, the enacted changes have “leveled the playing field” for the litigants, Hayes, 96-287 La.App. 3rd Cir. 6, 685 So.2d at 694, so that documentation submitted by the two parties will now be scrutinized equally and the earlier overriding presumption in favor of trial on the merits has been removed. Substantially changing the law of summary judgment, the procedural amendments bring the Louisiana standard for summary judgment more closely in line with Federal Rule of Civil Procedure 56.
| incorporating the federal approach to summary judgments, La. C.C.P. art. 966 now states that if the moving party points out that there is an absence of factual support *39 for one or more elements essential to the adverse party’s claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there in no genuine issue of material fact and summary judgment will be granted. And, as consistently noted in La. C.C.P. art. 967, the opposing party cannot rest on the mere allegations or denials of his pleadings, but must present evidence which will establish that material facts are at issue. Bookman v. Caraway, supra.
Whether the State owed a duty to the Goodliffes is a question of law. Faucheaux v. Terrebonne Consol. Govt., 615 So.2d 289 (La.1993). Police officers owe a duty to the general public and not individuals. To recover, plaintiffs must establish that DPS, through the Louisiana State Police, owed them a special duty above the duty owed to the general public. Lowe v. Patterson, 492 So.2d 110 (La.App. 1st Cir.1986).
DPS, through the Louisiana State Police, is responsible for enforcing traffic regulations. La. R.S. 32:5; Miller v. Bailey, 621 So.2d 1174 (La.App. 3rd Cir.1993). However, “police officers have no duty to act when no law or regulation has been violated.” Suhr v. Felter, 589 So.2d 583 at 586 (La.App. 1st Cir.1991).
In emergency situations, a vehicle may park on the shoulder of a highway in a maimer which does not obstruct traffic. La. R.S. 32:296. That statute provides, in pertinent part:
A No person shall stop, park, or leave standing any unattended vehicle on any state highway shoulder when such stopping or parking on the highway shoulder shall obstruct the flow of traffic or is a hazard to public safety, unless such stopping, parking, or standing is made necessary by an emergency ...
IsB. In ease of an emergency, the driver of such vehicle must operate it in accordance with the normal standards of prudent conduct to protect himself and others from harm.
Occasionally, cars break down necessitating temporary use of the shoulder. Suhr v. Felter, supra; Johnson v. Larson, 441 So.2d 5 (La.App. 3rd Cir.1983).
The case sub judice is factually similar to Suhr v. Felter, supra. Late in the afternoon on July 19, 1985, Felter’s car broke down on 1-10 in Baton Rouge. The police officer who responded assisted Felter in pushing the disabled automobile off the traveled portion of the highway onto the shoulder of the interstate. At noon the next day, Suhr lost control of his truck during a downpour and collided with the Felter vehicle. The court of appeal, relying on Johnson v. Larson, supra, determined that Felter’s car was legally parked on the shoulder of the roadway and concluded that the police officer owed no legal duty to plaintiff. Additionally, the court noted that the Felter automobile was not “abandoned” as defined by La. R.S. 32:471(1) and that, therefore, the police were not authorized to tow the car as an “abandoned motor vehicle.” Suhr v. Felter, 589 So.2d at 587.
At the time of the accident, January 7, 1994, a vehicle was deemed legally abandoned when such vehicle had been parked on the shoulder of the roadway for more than five days, either legally or illegally. La. R.S. 32:471(1).[1] La. R.S. 32:474 authorizes the State to take abandoned vehicles into custody.
A plaintiff may proceed against DOTD under theories of negligence or strict liability. La. R.S. 9:2800 governs strict liability claims against DOTD and limits the strict liability of public entities by requiring proof of actual or constructive knowledge of the defect which caused the damage. The only factor which distinguishes negligence from strict liability is proof of science. Bessard v. DOTD, 94-0589 (La.11/30/94), 645 So.2d 1134; Fontenot v. Fontenot, 93-2479 (La.4/11/94), 635 So.2d 219. To succeed in an action against DOTD, the plaintiff must show *40 that (1) the property causing the damage was in the custody of DOTD, (2) the property was defective due to a condition that created an unreasonable risk of harm, (3) DOTD had actual or constructive knowledge of the risk, and (4) the defect was a cause in fact of plaintiff’s injury. Bessard v. DOTD, 94-0589 La. 3, 645 So.2d at 1136.
DOTD owes a duty to maintain highways and their shoulders in such a condition that does not present an unreasonable risk of harm. Oster v. DOTD, 582 So.2d 1285 (La.1991); Myers v. State Farm Mutual Auto. Ins. Co., 493 So.2d 1170 (La.1986); Miller v. DOTD, 95-548 (La.App. 3rd Cir. 3/20/96), 679 So.2d 134; Begnaud v. DOTD, 93-639 (La.App. 5th Cir. 1/12/94), 631 So.2d 467. Whether DOTD breached this duty-must be determined on the particular facts and circumstances of each case. Hunter v. DOTD, 620 So.2d 1149 (La.1993); Miller v. DOTD, supra; Begnaud v. DOTD, supra.
A “defect” is a flaw or fault existing or inherent in the property itself. Kyle v. City of Bogalusa, 506 So.2d 719 (La.App. 1st Cir.1987); Collins v. Christophe, 479 So.2d 537 (La.App. 1st Cir.1985). “Parked vehicles on the roadway do not constitute a defect in the roadway.” Kyle v. City of Bogalusa, 506 So.2d at 726. See also Naylor v. Louisiana Department of Public Highways, 423 So.2d 674 (La.App. 1st Cir.1982), writs denied, 429 So.2d 127 (La.1983).
The deposition testimony of Green establishes: (1) at dusk on January 6, 1994, after experiencing car trouble, Green parked her car completely off the traveled portion of the interstate on the shoulder of the roadway; and (2) upon returning on January 7, 1994, less than twenty-four hours later, to remove her vehicle for repairs, she discovered that her automobile had been destroyed in an ^accident involving Mr. Goodliffe. The Goodliffes submitted no evidence to contradict this testimony.
The undisputed facts show that Green’s vehicle was parked temporarily on the shoulder and not “abandoned” as that term is defined by La. R.S. 32:471(1), that, accordingly, the Louisiana State Police were not authorized to tow Green’s vehicle, and that no traffic regulation had been violated. Therefore, DPS, through the Louisiana State Police, owed no duty to the Goodliffes. Further, the temporary parking of Green’s vehicle on the shoulder of the interstate highway was not a defect in the roadway which would render DOTD liable under either strict liability or negligence theories of recovery.
The State has met its burden of proving an absence of factual support for one or more elements essential to the Goodliffes’ claim. Therefore, the burden shifts to the Goodliffes to produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden at trial. Because the Goodliffes failed to produce any factual support of the essential elements of their claim, we find that the trial court’s granting of the State’s motion for summary judgment was appropriate.

Motion for New Trial

Although the Goodliffes assign as error the trial court’s denial of their motion for new trial, the assignment was not briefed. Therefore, we consider that specification of error abandoned. Uniform Rules — Court of Appeal, Rule 2-12.4.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.

. Acts 1995, No. 1072, amended La. R.S. 32:471(1) to provide that a vehicle is deemed abandoned after three days.