_jjWILLIAMS, Judge.
In this paternity and child support action, the Louisiana Department of Social Services, Office of Family Support (“DSS”), appeals a judgment establishing the defendant, Terry Neathery, as the biological father of the child and awarding monthly child support of $391.13 for the period of January 1, 2004 through June 12, 2004. For the following reasons, we reverse in part, amend and affirm as amended.
FACTS
In May 1997, DSS filed a petition to establish paternity and for child support alleging that defendant, Terry Neathery, was the father of the minor child, C.J.V., who was born on June 12, 1986. DSS attempted to serve Neathery with a copy of the petition through the sheriffs office and then sought appointment of private process servers, but these attempts were unsuccessful. In March 2000, DSS filed an *42 amended petition based on information that Neathery was residing in Texas and unsuccessfully sought to serve him through the long-arm statute.
In March 2002, DSS filed an affidavit in the record stating that a copy of the petition had been sent to Neathery by certified mail to a Texas address. This mailing was apparently returned and marked “refused.” The following month, DSS filed a default slip with the clerk of court, which entered a default. After a hearing held in Neathery’s absence, a Caddo Parish hearing officer recommended to the trial court that a judgment of paternity and support be entered. These recommendations were adopted by the district court in a judgment signed in June 2002. After his wages were garnished, Neathery filed a petition to annul the judgment alleging that he |?had not been properly served with process. The June 2002 judgment was subsequently vacated and DNA testing was ordered.
Prior to trial on the state’s original petition, the parties stipulated that Neathery was the child’s biological father on the basis of the DNA test results. The parties also stipulated to the amount of their gross monthly incomes. After hearing the evidence, the trial court found that Neath-ery’s child support obligation should not extend to any period prior to September 20, 2002, when he was served with process. However, the court found that no support was owed for the period of September 2002 through December 2003, when the child attended “boot camp” and worked full time. Finding that the child again became eligible for support after his severe head injury in January 2004, the court rendered judgment ordering Neath-ery to pay monthly child support of $391.13 from January 1, 2004 through June 12, 2004, when the child reached the age of majority, subject to a credit for any amounts previously paid. DSS appeals the judgment.
DISCUSSION
DSS contends the trial court erred in awarding child support for a six-month period rather than making the award retroactive to the filing date of the petition. DSS argues that defendant failed to satisfy his burden of proving good cause for not making child support retroactive to the date of judicial demand given the evidence of the state’s numerous attempts to serve defendant.
An award of child support shall be retroactive to the date of judicial demand, except for good cause shown. LSA-R.S. 9:315.21(B)(2). When the | scourt finds good cause for not making the award retroactive to the date of judicial demand, the court may fix the date on which the award shall commence. LSA-R.S. 9:315.21(E). The burden is on the obligor parent to show good cause for not making the award retroactive to the date of judicial demand. Welborne v. Welborne, 29,479 (La.App. 2d Cir.5/7/97), 694 So.2d 578; Holdsworth v. Holdsworth, 621 So.2d 71 (La.App. 2d Cir.1993). The trial court is vested with much discretion in fixing awards of child support. The court’s reasonable determinations shall not be disturbed unless there is a clear abuse of discretion. Curtis v. Curtis, 34,317 (La.App. 2d Cir.11/1/00), 773 So.2d 185; Holdsworth, supra.
In the present case, the state presented evidence that DSS requested personal service on Neathery by the sheriff at an address in Houma. DSS also filed a motion to appoint a private process server in June 1998 after the sheriff was unsuccessful and filed another such motion in March 2000 seeking to serve Neathery in Texas. In addition, Michael Jeansonne, a DSS attorney assigned to this case from *43 August 1999 through 2001, testified that he recalled several attempts made by the sheriffs office to personally serve Neath-ery in Houma. Jeansonne stated that DSS agents also attempted personal service of Neathery in Houma and in Monroe on several occasions. However, Jeansonne acknowledged that he did not have “independent documentation” of these attempts. Nor does the record contain a sheriffs return showing that service of the original petition was attempted or any other documentation to corroborate the dates, times or the actual number of service attempts.
|4In determining that the child support award should not be made retroactive to the date of judicial demand, the trial court noted the lack of any filings in the record documenting actual service attempts and the intermittent nature of the DSS attempts to serve Neathery over a five-year period. In addition, the court found that an award of past due child support retroactive to the date of the original petition would not be fair when the state’s inaction had contributed to the delay. Based upon this record, we cannot say the trial court abused its discretion in concluding that good cause existed for not making the child support award retroactive to the date of judicial demand.
DSS further contends the trial court erred in declining to award child support for those periods when the child was in boot camp or working. DSS argues that the court’s decision was an abuse of discretion because the court did not have authority to deny or reduce child support simply because the child was employed.
Income of the child that can be used to reduce the basic needs of the child may be considered as a deduction from the basic child support obligation. LSA-R.S. 9:315.7. Parents have an obligation to support, maintain and educate their children. LSA-C.C. art. 227. A minor child’s ability to work does not relieve the parent of the unilateral support obligation under Article 227, but the minor’s actual earnings may be considered in setting the amount of support. Borden v. Borden, 550 So.2d 901 (La.App. 2d Cir.1989).
In the present case, Shonda Yail, the child’s mother, testified that C.J.V. completed the sophomore year of high school but had experienced | .¡problems in passing his courses. Vail stated that the child voluntarily attended boot camp in Minden from August 2002 through January 2003 as an alternative to continuing in high school. However, during boot camp, the child attended classes and obtained a GED. Vail testified that she purchased the child’s clothing, towels and other articles for the camp, but was not required to pay for his food and lodging. Vail stated that she also paid approximately $50 per month for the child’s camp spending account and purchased his class ring and senior photographs. Vail testified that the child began working full-time at Harbor Freight Tools in March 2003 with a wage of $6.25 per hour. Vail stated that while C.J.V. was working he continued to live with her and did not pay rent, but he made the loan and insurance payments for his vehicle and paid his cell phone bill.
In its reasons for judgment, the trial court incorrectly stated that the mother did not pay to support the child while he was in boot camp. To the contrary, Vail testified that she bought the clothing and personal articles the child needed for camp and she contributed $50 each month for the child’s expenses beyond room and board. In addition, the child pursued his education during boot camp by attending GED classes. Based on the evidence presented, Neathery failed to demonstrate why the minor child’s participation in the camp relieved him of his obligation of support and education. Thus, *44 the trial court abused its discretion in failing to award support for the period of September 2002 through February 2003.
Additionally, the trial court incorrectly determined that because C.J.V. was employed he was not entitled to child support during the period of | fiMarch 2003 through December 2003. Although the trial court may consider the minor child’s earnings in setting the amount of support under LA-R.S. 9:315.7, the statute does not provide authority for the court’s determination that the minor child’s employment completely excused Neathery’s support obligation. Considering the circumstances of this case and the applicable law, we conclude the trial court abused its discretion in declining to award child support during the period that the minor C.J.V. was working and still residing with his mother. Consequently, we will amend the judgment to make the child support award of $391.13 per month retroactive to the period from September 20, 2002 through June 12, 2004, when the child reached the age of majority, subject to a credit for any amounts previously paid.
CONCLUSION
For the foregoing reasons, that part of the trial court’s judgment denying child support for the periods when the child was in boot camp and employed is reversed. The judgment is hereby amended to order the child support award of $391.13 per month retroactive to the date of September 20, 2002. The judgment is otherwise affirmed. Costs in the district court and on appeal -are assessed to the defendant, Terry Neathery.
REVERSED IN PART, AMENDED AND AFFIRMED AS AMENDED.