CARAWAY, J.
 

 ' Lin this case, the father of the infant child appeals the trial court’s determination of the basic child support obligation and its assessment to him of a medical expense for the child. All of the issues raised by appellant concern the discretion of the trial court in insuring the proper support for the child. Finding no abuse of the trial court’s judgment, we affirm.
 

 Facts and Procedural History
 

 Dezeray Frederick (“Frederick”) and Dennis R. Buckingham (“Buckingham”)
 
 *1225
 
 are the parents of an infant child, C.D.F., who was born on December 25, 2007. In January 2008, Frederick sought an order designating her as the domiciliary parent and fixing child support. She also requested that Buckingham be ordered to submit to paternity testing as the parties were not married. Frederick also requested that C.D.F. be included on Buckingham’s employer-provided health insurance benefits.
 

 An initial hearing occurred on February 19, 2008. The minute entry stated the following:
 

 Regularly taken up on rule. Plaintiff present with counsel, .... defendant present in proper person. Both parties acknowledged that [Buckingham] is the biological father of the child. DNA testing results filed. By agreement an interim order was issued for [Buckingham] to carry the child on his insurance and pay plaintiff child support in the amount of $400.00 per month. Case continued ... for further proceedings.
 

 The matter was taken up again the following week, on February 26, 2008. Frederick was present with her same counsel. Buckingham was present in proper person. The minute entry stated, “[b]y agreement judgment rendered awarding plaintiff sole custody of the minor child with visitation to the defendant to be decided between the parties. Plaintiff is 12awardecl $300.00 per month child support and he is to maintain medical insurance on the child.”
 

 Almost immediately after the February 26 hearing, Frederick hired different counsel. On March 5, 2008, new counsel enrolled and filed a motion for new trial alleging:
 

 Mover shows that her attorney, in Open Court, reached an agreement with the defendant for him to pay $300.00 per month child support and that Mover did not acquiesce and agree to this amount of child support to be paid by the defendant.
 

 On March 7, the trial court signed an order granting Frederick’s motion for a new trial which set aside the February 26, 2008 consent decree. The present dispute concerns the new trial on the issue of child support.
 

 In presenting her new claim for child support, Frederick described monthly daycare expenses in the amount of $541.00/ month. Interrogatories were propounded to Buckingham concerning his sources of employment and income. Buckingham’s answers to interrogatories indicated that his total monthly income was approximately $3,900.00 per month, and that he had received a “one time $20,000.00 sign on bonus” from the United States Navy. Buckingham was employed by the City of Shreveport as a City Marshal and drove an employer-provided “take-home vehicle.”
 

 Before the trial, Frederick filed a supplemental rule to recover certain sums paid for C.D.F.’s expenses:
 

 First enrollment fee - daycare •$ 25.00
 

 One-half second enrollment fee - daycare 50.00
 

 Paternity test 100.00
 

 One-half cost of circumcision 202.50
 

 One-half co-pay - medical 37.50
 

 TOTAL $415.00
 

 | sThe matter was retried on July 31, 2008. After hearing testimony and receiving the child support obligation worksheet into evidence, the trial court took the matter under advisement. On September 16, 2008, the trial court issued its ruling and written reasons therefor. It found that Buckingham’s monthly income was stipulated to be $3,900.00 per month at trial. Frederick’s monthly income was determined to be $327.00 per month, based on her part-time employment and status as a college student. Therefore, the combined monthly income of the parties was $4,227.00 per month, resulting in a basic child support obligation of $609.70. The trial court also found that Frederick’s child
 
 *1226
 
 care costs were $333.67. This amount was added to the basic child support obligation, for a total sum of $943.37. The trial court multiplied this sum by 92.25% (Buckingham’s share of the income) to arrive at Buckingham’s monthly child support obligation of $870.39. Finally, Buckingham was ordered to reimburse Frederick $202.50 for the circumcision of the child and $37.50 for the medical co-payment, representing one-half of the total charges for those medical expenses.
 

 Buckingham appeals the judgment, first urging that the trial court erred in determining Frederick’s income for the purpose of computing the basic child support obligation. In particular, Buckingham argues that the trial court should have valued in the computation of income the “recurring financial gifts” Frederick received from her aunt.
 
 [1]
 
 In his next assignment, ^Buckingham asserts as error the trial court’s failure to consider his financial support of two other children. Finally, appellant argues that the portion of the judgment ordering him to pay one-half of C.D.F.’s circumcision should be set aside.
 

 Discussion
 

 The trial court is vested with much discretion in fixing awards of child support. The court’s reasonable determinations shall not be disturbed unless there is a clear abuse of discretion.
 
 State, Dep’t of Social Services v. Neathery,
 
 39,796 (La.App. 2d Cir.7/29/05), 909 So.2d 40;
 
 State, ex rel. Wilson v. Wilson,
 
 37,674 (La.App. 2d Cir.9/24/03), 855 So.2d 913,
 
 writ denied,
 
 03-2970 (La.1/16/04), 864 So.2d 633. The child support guidelines (the “Guidelines”) set forth in La. R.S. 9:315,
 
 et seq.,
 
 are to be used in any proceeding to establish or modify child support. La. R.S. 9:315.1(A);
 
 Harper v. Harper,
 
 33,452 (La.App. 2d Cir.6/21/00), 764 So.2d 1186.
 

 In contesting the trial court’s determination of Frederick’s income, Buckingham cites two definitions set forth under the Guidelines in La. R.S. 9:315(C). In the definition for “gross income” is included the party’s receipt of “recurring monetary gifts.” La. R.S. 9:315(C)(3)(a). Also, regarding income, “[t]he court may also consider as income the benefits a party derives from expense-sharing.” La. R.S. 9:315(C)(5)(c).
 

 Frederick testified that she had always lived with her aunt and that her aunt and mother had aided her with college expenses. She had over 30 hours of college credit and was enrolled in Bossier Parish Community 1¿College. She stated that her automobile was a gift from her aunt, who had been paying the loan on the vehicle since Frederick was in high school. The other expenses and housing provided by Frederick’s aunt were obviously in aid of Frederick’s needs immediately after the birth of the child and while Frederick was seeking higher education. Under these circumstances, the trial court did not abuse its discretion in considering that this family aid would not be considered as recurring monetary gifts so as to amount to Frederick’s income under the Guidelines.
 

 Likewise, we find no merit in Buckingham’s contention that his $300 support
 
 *1227
 
 payments for his fifteen-year-old daughter in South Carolina and his sole custody of his three-year-old son require a reduction in his basic child support obligation for C.D.F. as determined under the Guidelines. The application of the Guideline provision allowing for deviation for such children states:
 

 C. In determining whether to deviate from the guidelines, the court’s considerations may include:
 

 * ‡
 
 if
 

 (2) The legal obligation of a party to support dependents who are not the subject of the action before the court and who are in that party’s household.
 

 La. R.S. 9:315.1(C)(2). In this case, Buckingham provided inadequate proof for an obligation of support for the South Carolina child and that child was not in his “household” as stated in the Guidelines. Even regarding the three-year-old child in his household, any downward deviation from the basic support obligation is expressly discretionary under La. R.S. 9:315.1(0, and we find no abuse of discretion in the trial court’s ruling.
 

 Finally, under the circumstances of C.D.F.’s birth when the child was not covered by Buckingham’s health insurance, the medical expense for the ^child’s circumcision which Frederick incurred was appropriately apportioned to the child’s father by the trial court.
 
 See Laprarie v. King,
 
 575 So.2d 921 (La.App. 2 Cir.),
 
 writ denied,
 
 578 So.2d 140 (La.1991), which sanctioned child support award including reimbursement by father of premature birth expenses and
 
 Debetaz v. Debetaz,
 
 421 So.2d 379 (La.App. 1st Cir.1982), which allowed award of one-half of birth expenses against father. Buckingham’s last assignment of error is without merit.
 

 Conclusion
 

 For the above reasons, the decision of the trial court is affirmed. Costs of this appeal are assessed to appellant.
 

 AFFIRMED.
 

 [1]
 

 . Counsel for appellant conceded at oral argument that an additional assignment of error concerning Frederick’s employment status and earning capacity fell within the provisions of La. R.S. 9:315.11(A). Also, during oral argument, Buckingham disputed the trial court's finding which added $333.67 for child care costs to the basic child support obligation in accordance with La. R.S. 9:315.3. See
 
 Campbell v. Campbell,
 
 682 So.2d 312 (La.App. 1st Cir. 10/10/96), 682 So.2d 312. This matter was neither assigned as error nor argued in brief, and therefore we consider that it is not before us on appeal. U.R.C.A. Rule 2-12.4;
 
 Goodliffe v. State, through Dep’t of Transp. & Dev.,
 
 29,948 (La.App. 2d Cir.10/29/97), 702 So.2d 36.