PITMAN, J.
Ijn this suit to modify child support filed by his former wife, Plaintiff Natalie Hatfield Holley, Defendant George Hatfield appeals the imputation to him of án annual income of $100,000 for child support calculation as a sanction for failure to provide the trial court with certain documentation. Defendant also appeals the imposition of other sanctions and the trial court’s final determination of child support due. For the following reasons, we affirm the judgment of the trial court.

FACTS

Natalie and George Hatfield were married in May 1995 and divorced in August 1997. Two children were born of the marriage, and they are now 18 and 17 years old respectively. Substantial litigation between the parties concerning child support and custody between 1996 and 2001 was documented in the record. An order for child support was entered in August 1998 that went unmodified until January 2010.
At that time, Plaintiff requested an increase in child support with the Webster Parish Support Enforcement Office, and Defendant filed an answer and reconven-tional demand seeking a change of custody. Because of this request for change of custody, the matter was transferred to the district court, where the parties began the process of financial discovery. Defendant decided to dismiss his reconventional demand. The request to modify child support continued. Years of litigation ensued with motions to compel discovery, motions to dismiss, motions for protective orders and motions in limine being filed. Due to the complexity of Defendant’s multiple business enterprises and the financial information to be provided, Susan Whitelaw, li>CPA, was appointed as a special master to review financial documents and make recommendations concerning the child support owed by the parties. A mental health professional, Durrell Tuberville, was appointed by the trial court to make recommendations regarding custodial matters.
In April 2012, Plaintiff filed a motion in limine and for sanctions for Defendant’s failure to comply with the special master’s request for document production, which specifically listed the documents necessary for her review. The trial court issued, without prejudice, an interim order increasing Defendant’s support obligation to $875 per month pending further order of the court.
In February 2013, Plaintiff filed a revised petition for rule nisi for contempt, sanctions and motion in limine. A hearing was held on April 9, 2013, at which time the trial court took testimony from the special master. Ms. Whitelaw testified that Plaintiff had provided her the documentation necessary to review Plaintiffs financial situation and that Plaintiff had made payments to her for the work she had already performed. The attorneys questioned the special master regarding exactly which requested documents Defendant had not provided. The special master also testified that Defendant had not yet paid her for the work she had performed.
A judgment was entered on the motion on April 25, 2013, ordering Defendant to produce numerous financial documents and which stated that, in default of the production of the requested documents by the assigned date, Defendant would have imputed to him for the purpose of support *73 computation an annual income of $100,000, without any chance of | .¡contravening that amount. The trial court reserved the right to impose other sanctions against Defendant.
A trial was held on September 19, 2018, which encompassed not only the rule to increase child support, but also two rules for contempt filed by the parties, including Plaintiffs rule for contempt for failure to provide documentation and for sanctions. The trial court found that Defendant had not complied with the court order to provide the documentation; imputed to him an annual income of $100,000 for purposes of computing the child support obligation; and ordered him to pay attorney fees in the amount of $8,500, to reimburse fees paid to the special master by Plaintiff of $4,700, to reimburse fees paid to Dr. Tu-berville of $255 and to pay $437.50 child support due on September 15, 2013. The trial court also ordered Defendant to pay the outstanding balance due of $1,089.52 to the special master. The trial court further entered an order that Defendant pay child support of $470 per month for the period of February 1, 2010, through April 30, 2012, and $875 per month for the period of May 1, 2012, through the first installment due on September 1, 2013. With regard to those time periods, the trial court determined that Defendant owed $32,022.50 for arrearages, less credits for sums paid. Finally, the trial court found that Defendant owed Plaintiff child support in the amount of $1,200 per month payable in equal installments of $600 due on the 1st and 15th day of each month.[1] Defendant appeals this judgment.

DISCUSSION

Defendant argues that the trial court abused its discretion under La. C.C.P. art. 1471 in sanctioning him for failure to comply with the court order to produce documents by imputing to him the annual income of $100,000, asserting that the imposition caused the trial court to err in the final calculation of child support he owed. Defendant also objects to the orders to pay $3,500 in attorney fees and $4,700 to the special master. He argues that, although the trial court has considerable leeway in issuing sanctions for violating a court order, the sanctions may, nonetheless, be abusive. Defendant contends that he attempted to comply with the trial court’s order for production to the special master, but that some of the documents ordered did not exist or were not in his possession or under his control. He further argues that the imputation of the $100,000 annual income resulted in the erroneous award of child support because his income forms the largest component of the child support formula, and there is no probable certainty that the child support award is correct. He asserts that the trial court used “round numbers” to determine the amount of child support owed. Defendant also argues that it was error for the trial court to order him to pay attorney fees and fees of the special master since the special master also performed work for Plaintiff and was appointed to ascertain her income as well as his.
Plaintiff argues that the imputation of the annual income of $100,000 is an appropriate sanction in this case and that the trial court did not abuse its discretion in determining this penalty for Defendant’s failure to 1 ^comply with the discovery orders. Plaintiff asserts that Defendant failed to comply with the trial court’s order *74 despite having been given ample opportunity to do so. She argues that none of these facts arose in a vacuum and that she has spent more than three years and a large amount of money on litigation (motions to compel, motions for protective orders, motions to dismiss, motions in limine and discovery hearings) in an effort to determine Defendant’s financial status in order to increase the award of child support.
Plaintiff further argues that the award of $3,500 attorney fees was actually inadequate, and she provided an affidavit of the attorney fees incurred by her from October 26, 2011, through June 18, 2013, in the amount of $19,369.50. With regard to the award of $4,700 to the special master, Plaintiff argues that the trial court had discretion to make such an award after Defendant failed to comply with its discovery orders. Plaintiff also asserts that the special master was unable to calculate Defendant’s income as a result of that failure. For these reasons, she contends that the imputation of $100,000 annual income to Defendant was not an abuse of the trial court’s discretion, and the award of the other amounts for attorney fees, special master fees and the child support award should be affirmed.
La. C.C.P. art. 1471 states in pertinent part as follows:
A. If a party or an officer, director, or managing agent of a party or a person designated under Article 1442 or 1448 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Article 1464 or Article 1469, the court in which the action is pending may make such orders in regard to the failure as are just, and among others any of the following:
(1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be | ^established for the purposes of the action in accordance with the claim of the party obtaining the order.
(2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence.
[[Image here]]
C. In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the-court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

The imputation of annual income

The trial court has much discretion in selecting appropriate sanctions for failure to comply with discovery orders, and the judgment granting a sanction will not be disturbed on appeal absent a clear showing of abuse of discretion. L & M Hair Products, Inc. v. State, Dep’t. of Transp. and Dev., 29,998 (La.App.2d Cir.12/10/97), 704 So.2d 415.
After years of litigation on the issue of Plaintiffs request for an increase in child support, a judgment was rendered on April 25, 2013, which ordered Defendant to provide the special master with certain documents by April 30, 2013, in default of which, $100,000 annual income would be imputed to him. The special master testified regarding exactly which documents Defendant had failed to provide to her and that his failure to produce the documents rendered her unable to complete her financial review. Defendant was found to have failed to comply with the trial court’s order *75 of production, and as per that order, had $100,000 annual income imputed to him for purposes of child support calculation.
|7We find no abuse of the trial court’s discretion in imposing this sanction on Defendant for his disobedience of the trial court’s production order. He was given ample opportunity to comply and warned about the consequences of noncompliance. Nevertheless, Defendant still failed to provide the special master with the requested documents. Therefore, we find this argument to be without merit.

The calculation of child swpport due

The child support worksheets included in the record reflect Defendant’s monthly gross income of $8,333.33, or $99,999.96 annually, as imputed income by the trial court. The record reflects that, in January 2010, Plaintiff was in nursing school and that any work she performed prior to her graduation was performed for her husband’s business or on a volunteer basis at her mother’s restaurant. Plaintiffs worksheets indicate that her earnings, prior to graduation, ranged from a high of $1,524.92 per month to a low of $1,315.70 per month. She graduated from nursing school in December 2011 and began working as a nurse for four months at Springhill Medical and then at Minden Medical Center.
After consideration of the information provided in the child support worksheets, the trial court determined the child support awards owed by Defendant for various periods during the parties’ litigation and the final child support award due from the date of the judgment forward of $1,200 per month payable in two installments of $600 each.
The trial court is vested with much discretion in fixing awards of child support. The court’s reasonable determinations shall not be disturbed ^unless there is a clear abuse of discretion. Frederick v. Buckingham, 44,458 (La.App.2d Cir.6/24/09), 15 So.3d 1223, citing State, Dep’t. of Soc. Servs. ex rel. C.J.V. v. Neathery, 39,796 (La.App.2d Cir.7/29/05), 909 So.2d 40; State ex rel. Wilson v. Wilson, 37,674 (La.App.2d Cir.9/24/03), 855 So.2d 913, writ denied, 03-2970 (La.1/16/04), 864 So.2d 633. The child support guidelines set forth in La. R.S. 9:315, et seq., are to be used in any proceeding to establish or modify child support. Harper v. Harper, 33,452 (La.App.2d Cir.6/21/00), 764 So.2d 1186.
The trial court considered the child support guidelines when it determined the amount of child support .due and properly imputed the annual income of $100,000 to Defendant. We find no abuse of discretion in the award of child support and find that such an award is supported by the record. This assignment of error is without merit.

The imposition of additional sanctions

Defendant argues that the trial court’s order imposing $3,500 in attorney fees and a fee to the special master of $4,700 constituted an abuse of its discretion.
La. C.C.P. art. 1471(C) provides that, in lieu of any of the other sanctions provided for in the article, or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
|9Pue to the protracted nature of this rule to increase child support and Defendant’s failure to comply with court orders of discovery which caused the attorney fees to be incurred and the special master to be thwarted in her efforts to determine *76 the parties’ financial status, we find that the trial court’s award of attorney fees and the order to pay the special master’s fee did not constitute an abuse of discretion. This assignment of error, therefore, is without merit.

CONCLUSION

For the foregoing reasons, the judgment of the trial court in favor of Plaintiff Natalie Dawson Hatfield Holley and against Defendant George Eric Hatfield is affirmed. Costs of this appeal are assessed to Defendant George Eric Hatfield.
AFFIRMED.

. The judgment also found Plaintiff in contempt for violation of a joint custody implementation plan and ordered her to pay Defendant $1,500. This portion of the judgment has not been appealed.